Parker, C. J.,
delivered the opinion of the Court. If the power, by which the resolve, authorizing the sale in this case, was passed, were of a judicial nature, it would be very clear, that it could not have been exercised by the legislature, without violating an express provision of the constitution. But it does not seem to us to be of this description of power; for it was not a case of controversy between party and party; nor is there any decree or judgment, affecting the title to property. The only object of the authority granted by the legislature was, to transmute real into personal estate, for purposes beneficial to all who were interested therein.
This is a power frequently exercised by the legislature of this state, since the adoption of the constitution ; and by the legislatures of the province, and of the colony, while under the sovereignty of Great Britain; analogous to the power exercised by the British parliament, on similar subjects, time out of mind. Indeed it seems absolutely necessary for the interest of those, who, by the general rules of law, are incapacitated from disposing of their property, that a power'should exist somewhere, to convert lands into money. For otherwise many minors might suffer, although having property; it not being in a condition to yield an income. This power must rest in the legislature in this commonwealth; that body being alone competent to act as the general guardian and protector of those who are disabled to act for themselves.
* It was undoubtedly wise to delegate t*his authority [ * 330 j to other bodies, whose sessions are regular and constant, and whoso structure may enable them more easily to understand the merits of the particular applications brought before them. But it does not follow that, because the power lias been delegated by the legislature’to courts of law, it .is judicial in its character. For aught we see, the same authority might have been given to the selectmen of each town, or to the clerks or registers of the counties; it being a mere ministerial act, certainly requiring discretion, and sometimes *274 knowledge of law, for its due exercise; but still partaking in no degree of the characteristics of judicial power.
It is doubtless included in the general authority, granted by the people to the legislature in the constitution. For full power ind authority is given, from time to time, to make, ordain, and establish all manner of wholesome and reasonable orders, laws, statutes and ordinances, directions and instructions (so as the same be not repugnant or contrary to the constitution), as they shall judge to be for the good and welfare of the commonwealth, and of the subjects thereof.
No one imagines that, under this general authprity, the legislature could deprive a citizen of his estate, or impair any valuable contract in which he might be interested. But there seems to be no reason to doubt that, upon his application, or the application of tiróse who properly represent him, if disabled from acting himself, a beneficial change of his estate, or a sale of it for purposes necessary and convenient for the lawful owner, is a just and proper subject for the exercise of that authority. It is, in fact, protecting him in his property, which the legislature is bound to do; and enabling him to derive subsistence, comfort, and education from property, which might otherwise be wholly useless during that period of life, when it might be most beneficially employed.
[*331 ] *If this be not true, then the general laws, under which so many estates of minors, persons non compos mentis, and others, have been sold and converted into money, are unauthorized by the constitution, and void. For the courts derive their authority from the legislature, and it not being of a judicial nature, if the legislature had it not, they could not communicate it to any other body. Thus, if there were no power to relieve those from actual distress, who had unproductive property, and were disabled from conveying it themselves, it would seem that one of the most essential objects of government, that of providing for the welfare of he citizens, would be lost.
But the argument, which has most weight on the part of the demandants, is that the. legislature has exercised its power over this subject, in the only constitutional way, by establishing a general provision; and that, having done this, their authority has ceased, they having no right to interfere in particular cases. And if the question were one of expediency only, we should perhaps be convinced by the argument, that it would be better for all such applications to be made to the courts empowered to sustain them.
But as a question of right, we think the argument fails. The constituent, when he has delegated an authority without an interest, may do the act himself, which he has authorized another to do; and *275 ¿specially when that constituent is the legislature, and is not prohibited by the constitution from exercising the authority. Indeed the whole authority might be revoked, and the legislature resume the burden of this business to itself, if in its wisdom it should determine that the common welfare required it.
It is not legislation, which must be by general acts and rules, but the use of a parental or tutorial power, for purposes of kindness, without interfering with, or prejudice to the rights of any, but those who apply for specific relief. * The title of [ * 332 ] stringers is not in any degree affected by such an interposition.
In the case before us, the object sought for could not have been obtained in the ordinary way of a license from a court of law ; for by that nothing could have been sold but the reversion belonging to the heirs ; and the proceeds of that alone would have been put at interest; whereas, by a sale of the whole, as was authorized by the legislature, there is no doubt a better price was obtained, and the proceeds finally coming to the heirs were greater than they would otherwise have been. It is true, that the same purpose might have been effected substantially by a license to sell the reversion, and a sale of the estate for life without license by the tenant of the freehold. But still the proceeds would not have been vested so beneficially, as they were under the actual sale.
We do not consider notice to have been essential, if the fact be that none was given. The father acted as guardian, and he had no interest adverse to that of his children. Notice is not required by law to be given, upon applications for the sale of the estates of minors (1).

Judgment for the tenant on the verdict.

 [In Holden vs. James (11 Mass. 397), the Court decided that the legislature could not suspend the operation of a general law to give a remedy in favor of an individual, although the constitution provides that the power oí suspending the laws, or the execution of the laws, may be exercised by the legislature, or by authority derived from the legislature, to be exercised in such particular cases only as the legislature shall expressly provide for; and although the practice, ever since the adoption of the constitution, had been to enact remedial laws in like cases. But the soundness of this decision has been questioned.—Ed.]