HENRY L. ALLMON

*v.*

THE CHICAGO, PADUCAH AND MEMPHIS RAILROAD CO.

155    17
103a ³ 49

*Filed at Mt. Vernon January 14, 1895.*

1. TRIAL—*court may put verdict of jury in proper form.* A verdict returned by the jury in condemnation proceedings, that the "consequential damages, if any, are......dollars," may, under the direction of the court, before the discharge of the jury, be put in terms expressing a finding that there were no consequential damages.

2. APPEALS AND ERRORS—*how far finding of jury as to damages is final.* The determination by the jury in an eminent domain case that no damages are caused to property not taken, will not be interfered with, on appeal, unless the jury were clearly mistaken.

3. EMINENT DOMAIN—*effect upon the market value is the measure of damage.* The effect which a proposed railroad will have upon the market value of land is the true criterion by which consequential damages to lands not taken are to be determined. *Metropolitan West Side Elevated Railway Co.* v. *Stickney*, 150 Ill. 362, followed.

APPEAL from the County Court of Marion county; the Hon. CHARLES F. PATTERSON, Judge, presiding.

HENRY C. GOODNOW, for appellant.

L. M. KAGY, for appellee.

Mr. Justice Bailey delivered the opinion of the court:

This was a proceeding under the Eminent Domain law, brought by the Chicago, Paducah and Memphis Railroad Company, to condemn a right of way across certain lands belonging to Henry L. Allmon. The land sought to be taken for right of way consists of a strip one hundred feet in width, extending across several tracts owned by the respondent, and the petition seeks merely to have the compensation to be paid for the land thus sought to be' taken, assessed and ascertained in the mode prescribed by law. The respondent thereupon filed his cross-petition, alleging that the residue of the land not taken will be injured and damaged by the taking therefrom of the strip of land required for right of way and by the construction and operation thereon of the petitioner's line of railroad, and praying to have such damages assessed, ascertained and awarded to him.

At the hearing, evidence was introduced tending to show the market value of the land proposed to be taken, and upon that question there is now no controversy. The respondent also introduced several witnesses, whose testimony tended to show that the land not taken would be damaged to a very considerable amount by the taking of the right of way and the construction and operation of the railroad, while other witnesses produced by the petitioner testified that the land not taken would not be damaged, but that its market value would be as great, or greater, after the construction of the road than before.

The first point made is, that the verdict of the jury is incomplete and insufficient. The bill of exceptions recites that the verdict, as returned by the jury, was as follows:

"We, the jury, find the damages for the land actually taken to be three hundred four and $\frac{4}{100}$ dollars, and the' amount of consequential damages, if any, to be ........ dollars."

If the verdict, as received and recorded by the court, was in this form, it would seem to be incomplete, but on turning to the record proper, the place where the verdict should properly be recorded, we find it entered as follows:

"We, the jury, find the damage for the land actually taken to be three hundred four and $\frac{4}{100}$ dollars, and that there are no consequential damages to the land not taken."

The fair inference would seem to be, that the jury returned their verdict into court in the form first above given, but that the court, before receiving and recording it, and before discharging the jury from further consideration of the case, caused the verdict to be put into proper form, so as to express in apt terms the finding which would seem to be implied in the informal verdict returned by the jury, viz., that they found no consequential damages to the land not taken. That it was proper for the court, and even its duty, before discharging the jury, to have their verdict put in due form, is a matter of ordinary practice too familiar to require discussion. We are of the opinion, therefore, that the objection to the verdict has no proper foundation in the record.

It is claimed on behalf of the respondent that the verdict, in finding that there are no damages to the property not taken, is contrary to the evidence. As we have already stated, the evidence on that question is conflicting, and after duly considering the testimony of all the witnesses we are unable to say that it preponderates in favor of the respondent. The testimony of the respondent's witnesses, if taken alone, would doubtless have entitled him to substantial damages, while the testimony of the petitioner's witnesses, if believed by the jury, fully justified a verdict that there would be no damages to the property not taken. The question was purely one of fact, for the jury, and they being the tribunal provided by law for its determination, our interference with their finding will not be justified, unless we are able to see

that they were clearly and palpably mistaken,—and we see no grounds for such conclusion.

It is claimed, however, that the petitioner's witnesses place their estimate of damages and benefits on a wrong basis. It is insisted that they fail to discriminate between those benefits to the land not taken which will result from the construction and operation of the railroad in which the public generally will participate, and those which will specially accrue to the respondent's land. In this we think counsel are mistaken. The witnesses give their opinions as to the effect upon the market value of the respondent's land by the proposed railroad, and testify that it will be worth as much, or more, in the market after the construction of the road than before. This, according to the rule very elaborately considered in *West Side Elevated Railway Co.* v. *Stickney*, 150 Ill. 362, is the true criterion by which to determine consequential damages to lands not taken. It is there held, that the measure of damages to property not taken is the difference in value of the land before the proposed construction and what it will be afterward, and that the consideration of such benefits as tend specially to enhance the value of the particular property is not setting off benefits against damages to the property, but is the simple ascertainment of whether the land has been depreciated in price or worth,—that is, whether loss or damage has resulted to the owner.

One or two other points are raised which we have duly considered, but do not deem them well taken, or of sufficient importance to require particular discussion.

We find no error in the record, and the judgment of the circuit court will accordingly be affirmed.

*Judgment affirmed.*