## City of Rockford v. William Doughty.

1. PUBLIC IMPROVEMENTS—*Measure of Damages Caused by.*—It has often been held that the market value of the land before and after the improvement furnishes the true criterion for determining the damages to lands damaged but not taken for a public improvement.

Action on the Case, for damages caused by raising the grade of a street. Appeal from the Circuit Court of Winnebago County; the Hon. JOHN C. GARVER, Judge presiding. Heard in this court at the April term, 1902. Reversed and remanded. Opinion filed July 18, 1902.

C. O. CARBAUGH, city attorney, for appellant.

R. K. WELSH, attorney for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Doughty owned a lot in Rockford upon which was a dwelling house. The city raised the grade of the street in front. Doughty claimed his lot was injured thereby, and brought this suit to recover the depreciation in value of the property alleged to have been caused by said improvement. He recovered a verdict and a judgment for $495. The city appeals.

The court refused to permit defendant to prove the value of the lot immediately before and immediately after the

making of the improvement, but compelled it to confine its proof on that subject to the single question whether the property was or was not depreciated in value by the improvement, and if it was depreciated, then how much was the depreciation, the court holding that the value immediately before and immediately after said improvement was a matter for cross-examination only. In Springer v. City of Chicago, 135 Ill. 552, a suit to recover for damages said to have been inflicted upon real estate by an improvement completed by the city in July or August, 1888, the court said :

" In order to determine whether the plaintiff had been damaged by the construction of the improvement, it was proper to show the value of the property before and after the improvement had been made. Evidence of what the property was worth in July and August, 1888, was therefore competent for the consideration of the jury."

It has often been held that the market value of the land before and after the improvement furnishes the true criterion for determining the damages to lands damaged but not taken by a public improvement. Metropolitan West Side E. R. Co. v. Stickney, 150 Ill. 362; Allmon v. C. P. & M. R. R. Co., 155 Ill. 17.

Appellee does not dispute this rule, but argues there is no difference between proving the value just before and just after the improvement and proving whether or not there was a depreciation in value caused by the improvement, and the amount of such depreciation, if any, and that as the witnesses to whom defendant put these questions to which the court sustained objections testified in answer to other questions that in their judgment the value of the premises was not reduced by the improvement, defendant got all the proof to which it was entitled and was not harmed by the ruling. We think this too narrow an estimate of the effect the proposed proof might properly have upon the case. Plaintiff had proved by witnesses that the property had been depreciated in value by the improvement, and such witnesses had given various opinions as to the amount of

such depreciation. Defendant in cross-examining said witnesses had inquired of them, as it had a right to do, their opinion of the market value of the premises just before and just after the improvement was made. We are of opinion that when defendant came to putting in its case it had a right to show the market value before and after the improvement in order to better enable the jury to determine whether the opinions testified to by plaintiff's witnesses as the amount of the depreciation, were reasonable or unreasonable. Plaintiff's witnesses placed the decrease in value at from $400 to $600, plaintiff being the only witness who placed it above $500. If defendant had been able to show the property was worth but $1,000 just before the improvement the jury might have reasonably concluded the property could not have depreciated in value $400 to $600 by the raise in the grade of the street in front; while if the property had been shown to be worth $5,000 or $10,000 before the improvement, such estimate of the amount of the depreciation might have met their approval. By refusing to permit defendant to go into the question of the market value of the premises just before and just after the improvement, the court deprived defendant of a very proper test to determine the value to be attached to the testimony given by the various witnesses, and reduced the inquiry to a mere matter of opinion upon the very question which the jury were to decide. We hold defendant was deprived of material proof to which it was entitled.

The judgment is therefore reversed and the cause remanded for a new trial.