(Nos. 15717-18-19-20.—Judgment affirmed.)

THE PUBLIC SERVICE COMPANY OF NORTHERN ILLINOIS,
Appellee, *vs.* ROBERT W. LEATHERBEE *et al.* Appellants.

*Opinion filed February 19, 1924—Rehearing denied April 3, 1924.*

1. EMINENT DOMAIN—*a separate trial as to subdivided tract is discretionary with the court.* Where the proposed right of way of an electric transmission line runs through several tracts, one of which has been subdivided and platted into lots and blocks, whether or not a separate trial should be allowed as to the subdivided tract is discretionary with the court; and the court does not abuse its discretion in denying a motion for separate trial where there is no reason to anticipate that the jury would not understand the differences in the value of the different tracts.

2. SAME—*record must show objections and exceptions to improper remarks of the court.* In order to base an assignment of error upon alleged improper remarks of the court it must appear from the record that objections were made and exceptions taken at the time.

3. SAME—*market value of land is not fixed.* There is no market value of land in the sense in which open markets are maintained, where all opinions come together and a standard of values is fixed.

4. SAME—*when judgment will not be disturbed on appeal.* In a condemnation proceeding, where the jury views the premises and the verdict is within the range of the testimony, the judgment will not be disturbed upon appeal unless the court can see that there is a clear and palpable mistake or that the verdict was the result of passion or prejudice.

5. SAME—*values must be fixed as of date of filing the petition.* The value of land taken and damage to land not taken must be fixed as of the date of the filing of the petition for condemnation.

6. SAME—*when witness cannot express opinion of market value of land.* A witness who does not claim to have any knowledge of market values of land or of sales of any property is not qualified to give an opinion as to the market value of land involved in a condemnation proceeding, but where the witness is familiar with the property involved she may be permitted to state every advantage accruing to it from its situation, surroundings and the effect of the construction of the proposed improvement, for which a portion of the land is to be condemned.

7. SAME—*when instruction as to damages to land not taken is proper.* An instruction stating that in estimating damages to land

not taken the jury should consider only those facts, circumstances or conditions which appreciably, substantially and directly lessen the market value is not objectionable in the use of the word "directly," where other instructions tell the jury to consider all injuries and inconveniences which might be actually brought about by the construction·and operation of the proposed improvement.

8. SAME—*what future uses of property are to be considered.* In a condemnation proceeding the jury, in estimating the value of land taken and damages to land not taken, may be instructed to consider possible future uses which affect the cash market value of the property, considering the use to which it is devoted or to which it is adapted, but any evidence as to possible future use which did not enter into or affect the market value when the petition was filed is not to be considered.

9. SAME—*when stipulation for an easement may be considered on question of damages to land not taken.* In a proceeding to condemn land for a proposed right of way of an electric transmission line, a stipulation signed by the vice-president of the petitioning corporation and authorized by a resolution of its board of directors, giving the property owner an easement across the right of way, is binding on the petitioner, and the jury may be instructed to consider the stipulation in estimating damages to land not taken.

APPEAL from the County Court of Lake county; the Hon. FRED·E. CARPENTER, Judge, presiding.

E. M. RUNYARD, and E. V. ORVIS, (RALPH J. DADY, GEORGE W. FIELD, and I. B. PERLMAN, of counsel,) for appellants.

ISHAM, LINCOLN & BEALE, and GARDNER, FOOTE, BURNS & MORROW, (CYRUS H. ADAMS, WILLIAM A. MORROW, WALTER M. FOWLER, and ADDISON L. GARDNER, JR., of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On February 24, 1923, the appellee, the Public Service Company of Northern Illinois, in pursuance of an order of the Commerce Commission authorizing and ordering the construction of an electric transmission line, filed its peti-

tion in the county court of Lake county to cause to be ascertained the compensation to be paid for the right of way over four separate tracts of land to be used for the construction and operation of such transmission line. The right of way described extended north and south 100 feet wide across three of the tracts and turned at right angles, at the north end, east 150 feet in width to a power plant on the shore of Lake Michigan. Cross-petitions were filed alleging damages to the portions of the several tracts not taken, and the cause was submitted to a jury. The jury returned a verdict finding compensation as to each of the tracts of land taken and damages to the several tracts over which the north and south right of way extended. Judgment was entered upon the verdict and this appeal was prosecuted.

What is called the Perlman tract is the one through which the right of way is 150 feet wide, and it is situated at the north limits of Waukegan, which is thirty-five miles from Chicago. When the petition was filed the record title was stated to be in Charles Herbert Keith, trustee under the last will and testament of William Scott Keith, deceased. William Perlman had contracted for the purchase of the land for the purpose of subdividing it into lots and blocks and had paid earnest money on his purchase. Perlman acquired the title and subdivided the tract and filed his cross-petition praying that damage to the remainder of the property not taken should be determined. After the jury was empaneled Perlman moved the court for a separate trial, and the motion was denied. It was supported by the affidavit of Perlman that the tract was of much greater value than the other tracts on account of the fact that it had been platted and subdivided into lots and blocks and the jury would be influenced by the value of the other property in fixing the value of that tract. Whether or not a separate trial should be allowed is discretionary with the court, and in the absence of anything to show an

abuse of that discretion the action of the court will not be interfered with. (*Concordia Cemetery Ass'n* v. *Minnesota and Northwestern Railroad Co.* 121 Ill. 199; *Braun* v. *Metropolitan Elevated Railroad Co.* 166 id. 434; *Eddleman* v. *Union County Traction Co.* 217 id. 409; *Chicago and Northwestern Railway Co.* v. *Chicago Mechanics' Institute,* 239 id. 197.) There was no reason to anticipate that the jury would not understand differences in the value of different tracts, and the court did not err in denying the motion.

The first ground alleged for the reversal of the judgment is that the court deprived the defendants of a fair and impartial trial by statements made during the introduction of evidence, and there are fifteen pages of the argument devoted to that subject, with a suggestion that we should infer the facial expressions of the court in making remarks. There was no objection or suggestion of the impropriety of any remark except in one instance where a question was asked, and the court, in ruling, spoke of it as a fishing expedition, but on objection withdrew the allusion to fishing and directed the jury to pay no attention to it. In order to base an assignment of error upon alleged improper remarks of the court it must appear from the record that objections were made and exceptions taken at the time. (*Chicago City Railway Co.* v. *Carroll,* 206 Ill. 318.) Aside from the want of any objection, there is nothing in the matter quoted which justifies the claim that the court created a prejudice in favor of the corporation, which has been regarded as quite difficult. The court fre· quently repeated what a witness had said and often instructed witnesses to speak louder, and told a witness at one time to take his hand away from his mouth, and when a leading question was asked and objection made, the court said he thought the witness was suffering from stage fright with so many distinguished counsel, and overruled the objection. There is no intimation of bias against the defendants in anything the court said.

The opinions of the witnesses as to market values and damages took a wide range, as is both natural and usual. Such opinions differ greatly where the witnesses are entirely honest and capable, from natural conservatism on the one hand and anticipation of the future on the other insensibly influencing the judgment as to present value. There is no market value of land in the sense in which open markets are maintained, where all varying opinions come together and a standard of values is fixed. There are differences in soil, improvements, location and surroundings, appealing with greater or less force in the conclusions of witnesses, and there is no responsibility for opinions. Compensation and damage severally awarded were greater than the opinions of witnesses for the petitioner would justify and less than the opinions of witnesses for the defendants would warrant. The jury viewed the premises and the verdict in this case was within the range of the testimony, and in such a case the judgment will not be disturbed upon appeal unless the court can see that there was a clear and palpable mistake or that the verdict was the result of passion and prejudice. (*Allmon* v. *Chicago, Paducah and Memphis Railroad Co.* 155 Ill. 17; *Sexton* v. *Union Stock Yard Co.* 200 id. 244; *East and West Illinois Railway Co.* v. *Miller,* 201 id. 413; *St. Louis and O'Fallon Railway Co.* v. *Union Trust and Savings Bank,* 209 id. 457.) There is nothing in the evidence and nothing which occurred upon the trial which would justify a conclusion that the compensation and damages fixed resulted from passion or prejudice or any indication of any mistake by the jury. In the case of the Perlman tract no damages were awarded to land not taken, but the situation was peculiar. The value of land taken and damage to land not taken must be fixed as of the date the petition to condemn was filed. (*Chicago and State Line Railway Co.* v. *Mines,* 221 Ill. 448; *Sanitary District of Chicago* v. *Chapin,* 226 id. 499; *City of Chicago* v. *Farwell,* 286 id. 415; *City of Chicago* v. *Collin,* 302 id. 270.)

The tract contained 60 acres, of which 9.17 acres were taken, and the verdict was for $8405.83. There was evidence that there was no damage to the land not taken, and the opinions that there was damage appear to have been based on the subdivision. The property was bought by the syndicate and the title taken to Perlman, and the compensation was at the same rate per acre paid for the whole tract. Judgment as to that tract cannot be reversed on the evidence.

The abstract shows that the issues at the trial were hotly contested and the attorneys exceedingly alert, making objections to the evidence and preserving exceptions to rulings, so that the abstract is mostly taken up with testimony, by questions and answers, with the objections interposed. It is not practicable to take up the objections in detail, but the rulings of the court were substantially correct in every instance. One objection that may deserve some attention was made on the examination of Catherine Donnelly, who had an interest in one tract. She described the tract with much particularity, stating the improvements, and that its highest and best use was for a high-class permanent home. She was then asked if she had an opinion as to what was the fair cash market value of that property on the day the petition was filed. The court sustained the objection because it was not shown that she had some knowledge of market values or knew of the purchase or sale of any property, but permitted her to state every advantage accruing to the property from its situation, surroundings and the effect of the construction and use of the transmission line. She was entitled and permitted to present every fact to the jury but was not qualified to give an opinion as to something about which she had no knowledge whatever and did not claim to have.

The court, in instructing the jury concerning the rules to be applied in determining whether the property would be damaged, and if damaged, the amount, concluded with this

statement: "The only facts, circumstances or conditions which you should take into consideration as tending to reduce the market value of the property not taken are those which are appreciable and substantial and which directly lessen the market value of the land not taken, if any." The objection raised to this instruction is because of the use of the word "directly." The fifth instruction, giving practically the same direction, in the case of *Kiernan v. Chicago, Santa Fe and California Railway Co.* 123 Ill. 188, was held to be free from error. By instructions given at the instance of the defendants the court told the jury that in estimating damages to lands not taken the jury should take into consideration all injuries and inconveniences which might be actually brought about and occasioned by the location, construction and operation of the proposed extension line and which the jury might believe from the evidence were appreciable and affected the market value of the property, and that the property owner is not, under the constitution, required to make any pecuniary sacrifice. The jury could not have been misled to suppose that no injuries to the present market value were to be considered from the operation of the line.

The court gave the following instruction:

"In considering the testimony of any of the several owners of the property in question who testified in this case, and in determining how much credence is to be given to their testimony, you have the right to take into consideration the fact that they are parties to this suit and interested in the result thereof."

The objection to the instruction is that it was not applied to the officers and agents of the corporation, but those witnesses did not testify to anything regarding values or damages, which were the only questions before the jury, and only described the location of the right of way and the character of the transmission line to be erected. The

instructions should apply equally to all witnesses interested, but there was no reason to include witnesses who gave no testimony concerning the question before the jury.

It is alleged that the jury were improperly advised by this instruction given at the instance of the petitioner:

"The jury is instructed that in arriving at the fair cash market value of the premises sought to be taken by the petitioner in this proceeding and in determining the question whether any of the property of the several owner not taken will or will not be damaged or if damaged, then in determining the amount of such damages, you should consider the use to which the several pieces or parcels of land taken or claimed to be damaged were put or were adapted on the date of the filing of the petition herein, but you should wholly disregard any evidence as to any possible future use to which it is claimed said premises may be put, providing you believe from the evidence and your view of the premises that such use did not enter into or affect such fair cash market value of such premises taken or claimed to be damaged on the date of the filing of the petition herein."

The instruction gave the jury the right to consider possible future uses which affected the cash market value of the property, considering the use to which the property was devoted or to which it was adapted, and that was a correct statement. Any evidence as to possible future use which did not enter into or affect the market value when the petition was filed was not to be considered.

It is contended that the court improperly gave an instruction to the jury that a stipulation filed and received in evidence granting an easement for a right of way across the petitioner's right of way for ingress and egress was binding upon the petitioner, and the jury should take the same into consideration in considering the question of damages to land not taken. The stipulation was signed by the vice-president of the petitioner and authorized by a resolution of the board of directors, so that the petitioner was

bound by it, and the jury could give it such weight as it was entitled to receive.

The record is free from any error which would afford a ground for reversing the judgment, and it is affirmed.

*Judgment affirmed.*