(No. 19559.—

THE JEFFERSON PARK DISTRICT, Appellee, *vs.* STANLEY SOWINSKI *et al.*—(GEORGE A. PSIMOULIS *et al.* Appellants.)

*Opinion filed October 19, 1929.*

Rudolph & Arthur E. Frankenstein, for appellants.

John E. Van Natta, (Frank S. Righeimer, and Ralph W. Condee, of counsel,) for appellee.

Mr. Justice Heard delivered the opinion of the court:

Appellee, the Jefferson Park District, a municipal corporation organized under the Park District act, filed its petition in the circuit court of Cook county for the condemnation of several tracts of land to be used as a part of Jefferson Park. The only one of these tracts here in question is known as 5479 Higgins avenue, Chicago, and is the property of appellants, George A. Psimoulis and Helen G. Psimoulis. A trial was had before a jury, the only question involved being the amount which appellants were entitled to receive as compensation for the taking of this property. The jury returned a verdict fixing the compensation at $10,000 and judgment was rendered on the verdict. From this judgment appellants have appealed to this court.

From the evidence it appears that the property in question is a lot 80 feet front on Higgins avenue and is 150 feet deep, improved by a story-and-half frame building that is from thirty to forty years of age and in poor condition of repair; that there is a shed in the rear of the property, used as a garage; that the building is steam-heated, with

plumbing in good repair, electric light, water and other improvements; that the first floor of the building is occupied by appellants, the second being occupied by a tenant paying $35 a month rent; that the street in front of the property is paved with asphalt; that there is little demand for property in the locality, there having been but few transfers for several years; that the highest and best use of the property at the time of the filing of the petition for condemnation was for an apartment building.

On cross-examination of Samuel Rappold, a witness for appellee, he was asked how he arrived at the value of $10,000 for the property in question. He stated that he did not separate the building from the ground in figuring the value. He was then asked if there was any value attached to the building. This question was objected to and the objection sustained. Appellants insist this question should have been answered. On further cross-examination the witness substantially answered this question and testified: "I know that there is a building on this piece of property. In fixing the value of this particular piece of property I took the building and lot together. I didn't take into consideration any value for the building in estimating my valuing of this particular piece of property. I considered it as vacant property. I didn't take into consideration that it had an income in estimating my value of the property. I didn't consider that of any value."

It is further contended that the court erred in sustaining objections to two questions put to Philip J. Barry, a commissioner of the park district. One of these questions was, "Do you know of a transfer by Mr. Schmook, your president, within the last eight months?" An objection was made as to any inquiries as to the Schmook property unless it was stated that competent testimony would be offered that it was a valid sale in the open market to somebody other than the Jefferson Park District. Counsel for appellants stated that it was a sale to the district but made prior

to the condemnation proceedings. The question was then asked, "Do you know when the Jefferson Park District started acquiring property for this park?" This question was objected to and the objection sustained. While this objection might properly have been overruled no harm was done appellants, as the evidence theretofore showed that the park project was commenced by the district in 1922, and this fact was nowhere controverted by the evidence. It was not competent to prove what the park district had paid for other property purchased by it for use in the same enterprise. *South Park Comrs.* v. *Ayer,* 237 Ill. 211.

One of the appellants testified that he bought the property in question six years before the trial. He was then asked, "How much did you pay?" An objection being made to this question, the court inquired whether the deal was for cash and a mortgage or whether he traded something in. The witness replied, "I traded in something." The court then sustained the objection, and this ruling is assigned as error. To render evidence of sales competent they must be for money, and not, in whole or in part, by way of exchange. *Sanitary District* v. *Boening,* 267 Ill. 118.

Appellants contend that the court erred in refusing to permit them to show an offer to buy the property in question. In the absence of evidence of actual sales, *bona fide* offers to purchase for cash by persons able to buy are some evidence of what the property would sell for. (*City of Chicago* v. *Lehmann,* 262 Ill. 468.) The party who was alleged to have made the offer was examined by the court out of the presence of the jury, and on that examination it developed that the offer was made on behalf of the United States Talking Picture Company, a corporation whose assets consisted largely of a lot of pictures made seven or eight years prior to the trial and before the incorporation of the company and which pictures were never shown. This preliminary examination did not disclose any ability to buy by the person making the alleged offer and

disclosed that such person had no authority to enter into any contract for the purchase of the lot. The court did not err in sustaining the objection to this offer. It is also contended that the court erred in examining this witness out of the presence of the jury. The court did not err in so doing but adopted the procedure proper in such case.

Appellants complain of error in the giving of an instruction with reference to the effect of the jury's view of the premises, in which reference was made to "what you heard from the witness stand." Appellants' complaint as to this instruction is, that it does not tell the jury that they should disregard statements of witnesses which had been ruled out as incompetent but allowed them to consider such statements, whether proper or improper. While this instruction was somewhat inartistically drawn, by the preceding instruction, in connection with which this one must be read, the jury were told that "in arriving at your verdict you must be guided by the evidence, including your view of the premises and the law as given you by the court." When these instructions are read together we do not think the jury could have been misled by them.

It is contended by appellants that the verdict of the jury was for an improper amount and that the jury disregarded the testimony of their witnesses as to values and followed the testimony of appellee's witnesses. The jury viewed the premises and their verdict was within the range of the evidence. It is the settled doctrine of this court that the damages awarded by a jury in a condemnation proceeding will not be disturbed where the evidence is conflicting, the jury views the premises and the amount of compensation fixed by it is within the range of the evidence. *Rock Island and Peoria Railway Co.* v. *Leisy Brewing Co.* 174 Ill. 547; *South Park Comrs.* v. *Ayer, supra.*

Finding no reversible error in the record, the judgment of the circuit court is affirmed. *Judgment affirmed.*