(No. 20331.— <span style="background:black">    </span>
THE SANITARY DISTRICT OF ROCKFORD, Appellee, *vs.*
JOHN AUGUST JOHNSON, Appellant.

*Opinion filed February 18, 1931.*

CHARLES W. HADLEY, and NORTH, LINSCOTT, GIB-
BONEY, NORTH & DIXON, for appellant.

GARRETT & FELL, and WELSH & WELSH, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal by John A. Johnson from a judgment
for the condemnation of 50 acres of his land on the peti-
tion of appellee, the Sanitary District of Rockford.

The Sanitary District of Rockford was duly organized
under the statute and planned and surveyed a system of
sewers, intercepting sewers and outlets, with a treatment
and sewage disposal plant therefor. In order to complete
this improvement and to properly treat the sewage collected
from said system it became necessary for the district to
acquire as and for a site for the treatment and sewage dis-
posal plant certain real estate that belonged to appellant.
An ordinance was passed by the board of trustees of the
district providing for the site for the treatment and sewage
disposal plant, and a petition was filed in the county court
to condemn that site. A cross-petition was filed by Johnson
setting up that he was possessed of other lands located con-
tiguous to the land sought to be taken; that said lands
formed a compact tract of 152 acres, more or less, all
the lands being suitable and peculiarly adapted for platting

and residential purposes; that if the real estate described in the petition should be taken and used as and for a site for the treatment and sewage disposal plant it would greatly damage his lands not taken. The cross-petition prayed that the value of the land taken or to be taken and damages to lands not taken be determined in the manner provided by law. To maintain the issues on behalf of the district and of Johnson approximately the same number of witnesses were called, and there was a finding by the jury that the value of the land taken was the sum of $16,500 and that there was no damage done to the lands not taken.

The land sought to be taken and the lands for which damages are sought constitute a tract of land of about 151 acres which hitherto has been devoted solely to farming and grazing purposes, except for a brief space of time during the World War when it was leased to the United States government and used as part of Camp Grant. The northerly boundary of this land is two miles south of the southerly limits of the city of Rockford. It lies between Rock river on the west and Kishwaukee road on the east. The only public highway from which these lands are accessible is the Kishwaukee road, on the easterly side thereof. A large public sewer, thirty-three inches in diameter, which carries the sewage from a very considerable area of Rockford, including a large manufacturing district, enters this 50-acre tract from the east, on the easterly neck thereof, and extends entirely across it and discharges its sewage into Rock river at approximately the lowest point of the 50-acre tract. The entire sewage of the city of Rockford and its environs is discharged into Rock river either above or at this property, and the waters of Rock river, saturated with this sewage, pass the property. A large part of the 50-acre tract is subject to periodical overflows from the sewage-laden waters of Rock river. In close proximity to appellant's lands on the south is the present military camp owned by the Federal government and used for the train-

ing of troops. A very considerable portion of the lands, especially along the river and north of appellant's farm, is open and unsubdivided and used for agricultural purposes, so far as used at all. In the area north of appellant's farm is a large tract covered with sand and gravel pits and used in the conduct of a sand and gravel business. In the same general area and near the river is what is known as the LaForge Rendering Works, where the carcasses of dead animals not commercially usable for any other purpose are rendered and the refuse discharged into the river. Chappell Bros.' packing plant and business is maintained and operated on another considerable tract of the land in close proximity to the river and between appellant's farm and the city of Rockford. The business conducted at this plant is the slaughter of large numbers of horses and the packing of horse meat. The refuse from this plant is also discharged into Rock river above appellant's land. The treatment and sewage disposal plant which it is proposed to construct and operate on the 50-acre tract sought to be taken is to be located on the northwest part thereof, and will, when entirely completed, cover about 10 to 12 acres.

Nine witnesses for appellee gave their opinion as to the value of the property to be taken. Of these, one fixed the value at $10,000, two at $12,000, two at $12,500 and four at $15,000. Of appellant's witnesses three fixed the value of the property to be taken at $600 per acre, one at $800, one at $900, one at $750 to $1000 and two at $1000. The jury viewed the premises.

It is contended by appellant that it was error to permit the witness Hanson, who was not a trustee but an engineer, to testify, over the objection of appellant, as to what was planned by way of the construction, as a part of the sanitary sewer system, of a sewage disposal plant on the property in question. The ordinance under which the work was to be done was made a part of the petition and no more specific plans were asked by appellant prior to the

trial. In eminent domain cases the jury are empaneled solely for the purpose of ascertaining the just compensation to be paid to the owner of the property sought to be taken or damaged. This is the only issue triable by jury in such a case. All other questions are preliminary and must be determined by the court before the jury are empaneled. (*Department of Public Works* v. *Sohm,* 315 Ill. 478; *City of Chicago* v. *Chicago Title and Trust Co.* 331 id. 322.) The law does not require that the petitioner shall set out in the petition or present plans covering the proposed structure or structures to be placed upon the land sought to be taken. The property holder has the right to request the court to compel the petitioner to produce such plans. In the absence of such a move on his part the property holder cannot complain that such plans were not produced. The production of such plans is not indispensable to the proceeding. (*Alton and Southern Railroad Co.* v. *Vandalia Railroad Co.* 271 Ill. 558.) It was competent for appellee to produce its engineer and by his testimony cover the nature and character of the structure proposed to be erected on the property sought to be taken. Although his declarations and admissions outside of court would not be admissible, his statements made under oath as to such plans, when called for by the petitioner, are not only admissible but binding upon it. *Jacksonville and Savanna Railroad Co.* v. *Kidder,* 21 Ill. 131.

Evidence was offered to show that odors escaped from other plants built from plans of the same experts who were designing the Rockford plant and that a large number of flies were attracted, to which an objection was sustained by the court for the reason that such evidence must be limited to the plant to be erected in Rockford, and that it was not proper to prove the conditions surrounding other plants unless the same conditions prevailed at appellee's proposed plant in Rockford. The conditions surrounding other plants not shown to be similar to the Rockford plant could throw

no light upon any question involved in this case. There was no foundation laid for the introduction of this evidence and the court properly sustained the objection to it.

By the first instruction given on behalf of appellee the court told the jury that they had a right to use their own knowledge of land values, if any, gained through experience and observation, and that from a consideration of the testimony of the witnesses and the jury's view of the premises and their own experience and knowledge of land values, if any, the jury should endeavor to arrive at the fair cash market value of the land sought to be condemned on the day on which the petition in this case was filed in this court. It is contended by appellant that the giving of this instruction was erroneous. In *Kankakee Park District* v. *Heidenreich,* 328 Ill. 198, an instruction which told the jury that in weighing the evidence they should apply to it the knowledge of land values which they had gained through experience and observation was held to be correct. This condemnation proceeding was under the Eminent Domain statute and not under the Local Improvement act, where the view of the premises is not to be treated as evidence. In proceedings under the Eminent Domain statute a view of the premises is required at the request of either party, and such view is in the nature of evidence and may be considered by the jury in making up their verdict. For a full discussion of this question see *City of Chicago* v. *Koff,* 341 Ill. 520. The court did not err in giving this instruction.

By the second instruction the jury were told that in arriving at the fair cash market value of the land sought to be taken they should consider the use to which the land was put or was adapted on the date of the filing of the petition, but that they should wholly disregard any evidence as to any possible or prospective future use to which it is claimed the premises may be put, provided they believe from the evidence and their view of the premises that such future or

prospective use would not enter into or affect the fair cash market value of the land at the date of the filing of the petition. One of appellant's criticisms of this instruction is that it is only a partial statement of the law. It is impossible in any given instruction to state all of the law of the case. This instruction is practically the same in form as one approved in *Public Service Co.* v. *Leatherbee,* 311 Ill. 505.

Complaint is made of the giving of instruction 4, which is identical with instruction 7 given and approved in *Crystal Lake Park District* v. *Consumers Co.* 313 Ill. 395.

Complaint is made of the giving of instruction 5, but the same principle is laid down in appellant's given instruction 8.

Complaint is made of instruction 7, which enunciates the principles laid down in *Illinois Central Railroad Co.* v. *Trustees of Schools,* 212 Ill. 406, *City of Winchester* v. *Ring,* 312 id. 544, and *Illinois Power Co.* v. *Wieland,* 324 id. 411. There was no error in giving this instruction.

At the request of appellee the court gave the jury the following instruction:

"The court instructs the jury that the mere presence of a sewage reduction plant upon the property sought to be taken in this proceeding is not, standing alone, a proper or legal element of damage to the property of the respondent not taken, and unless you believe from the evidence that there will be some proximate and direct physical disturbance of the property not taken, or a right of property of the respondent therein by reason of which damage results to the property not taken in excess of that sustained by the general public, if any, you should find by your verdict that the respondent is not entitled to any damage to this property not taken."

It is contended by appellant that the giving of this instruction was an invasion of the powers vested in the jury. It is not sufficient to entitle appellant to damages to lands

not taken to show the mere presence of a sewage reduction plant upon the property sought to be taken, but the burden is upon appellant to go further and prove by competent evidence that there will be some direct physical disturbance of a right, either public or private, which he enjoys in connection with his property and which gives it an additional value, and that by reason of such disturbance he will sustain a special damage with respect to his property in excess of that sustained by the public generally. (*Illinois Power Co.* v. *Wieland, supra; Illinois Power and Light Corp.* v. *Talbott,* 321 Ill. 538; *Same* v. *Peterson,* 322 id. 342.) The evidence in this case failed to show any such direct physical disturbance of such right, and appellant was not entitled to any award for damages to lands not taken. The court did not err in giving this instruction.

It is contended by appellant that the verdict of the jury was contrary to the weight of the evidence. Damages awarded by a jury in a condemnation proceeding will not be disturbed where the evidence is conflicting, the jury views the premises, and the amount of compensation fixed is within the range of evidence, unless there appears to have been a clear and palpable mistake or the verdict was the result of passion and prejudice. (*Jefferson Park District* v. *Sowinski,* 336 Ill. 390.) Under the evidence in this case this court would not be warranted in substituting any judgment of its own as to the value of the property for that of the jury, who saw and heard the witnesses and viewed the premises.

Some minor complaints are made by appellant. We have carefully examined each of these and find no reversible error in the record.

The judgment of the county court will be affirmed.

*Judgment affirmed.*