(No. 44345.–

THE CITY OF CHICAGO IN TRUST FOR THE USE OF SCHOOLS, Appellee, v. ARCHIBALD E. BAIRD, JR., *et al.*—(Edward P. Birmingham, Appellant.)

*Opinion filed May 22, 1972.—Rehearing denied Sept. 29, 1972.*

SCHAEFER, J., dissenting.

ANDALMAN, ANDALMAN & COHEN, of Chicago (AVRUM N. ANDALMAN and ARNOLD L. COHEN, of counsel), for appellant.

JAMES W. COFFEY and FRANK S. RIGHEIMER, both of Chicago (RICHARD E. GIRARD, of counsel), for appellee.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

In this eminent domain proceeding a jury in the circuit court of Cook County awarded appellant the sum of $14,500 as compensation for the taking of his property. The appellate court affirmed (*City of Chicago v. Baird (1971), 132 Ill. App. 2d 644, 270 N.E.2d 259*), and we granted leave to appeal.

The facts have been set forth in full detail in the opinion of the appellate court, and we will only briefly restate them here. The property in question consisted of a

brick two-flat building and garage located at 4250 West Jackson Boulevard in Chicago on a 25 x 121 foot lot. Appellant purchased the building in 1911, and he occupied one of the apartments from that time until November, 1966. He had rented the second apartment continuously since 1911. The petition to condemn was filed on June 20, 1968, and the trial commenced on July 14, 1969. Prior to hearing any testimony, the jury viewed the premises. At the trial, two realtors testified for the appellee-condemnor that in their opinion the fair cash market value of the property was $14,500 and $14,000, respectively. Their opinion testimony was supported by evidence of comparable sales within a short distance of the property. A realtor testified for the appellant that in his opinion the fair cash market value of the property was $23,000.

Appellant's primary contention is that the jury's verdict was the result of passion and prejudice caused by the cumulative effect of certain remarks by the court, argument by counsel and testimony of the witnesses. The only issue which we deem it necessary to consider on this appeal is appellant's objection to the testimony of Donald D. Clark, one of the appellee's expert witnesses, that the area in question had "experienced a racial change, starting approximately seven years ago" and that "it was considered a good neighborhood some years ago, but in recent years it has changed considerably, with property selling at low downpayments." These two remarks constitute only a very insignificant portion of Clark's testimony elicited to show his experience and familiarity with the area in which the property was situated and to lay a general foundation for his opinion testimony which followed. It does not appear that this testimony was interjected for the purpose of appealing to the passions and prejudice of the jury or that these two remarks could reasonably be said to have had such an effect when considered in the context of his entire testimony. We find no prejudicial error in the admission of Clark's testimony.

The other asserted errors were in no manner objected to or raised below and are therefore not properly preserved for review. *(City of Chicago v. Giedraitis (1958), 14 Ill.2d 45; County of Cook v. Holland (1954), 3 Ill.2d 36; City of Chicago v. Vaccarro (1951), 408 Ill. 587.)* Appellant argues, however, that the accumulation of error was so highly prejudicial that he could not receive a fair trial, thus calling for review even though no objection was made and ruling preserved thereon. *(City of Quincy v. V. E. Best Plumbing and Heating Supply Co. (1959), 17 Ill.2d 570; City of Chicago in Trust for Use of Schools v. Pridmore (1957), 12 Ill.2d 447.)* Although some of the complained-of matters are open to criticism, we believe that an objective reading of the entire record shows that these matters were not so prejudicial as to deprive him of a fair trial. Accordingly, our consideration of his various assignments of error raised for the first time on appeal is not warranted in this case.

The jury viewed the premises and rendered a verdict which is fully supported by the evidence. That verdict does not appear to have been the result of passion, prejudice or palpable error, and we concur with the decision of the appellate court that the judgment of the circuit court of Cook County should be upheld.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE SCHAEFER, dissenting:

The opinion of the court does not mention the error which prompted the dissenting opinion of Judge Burman in the appellate court. (132 Ill. App. 2d at 650, 270 N.E. 2d at 263.) That error was, in my opinion, a serious one, which warrants reversal.

One of the condemnor's two expert witnesses testified on direct examination that he had examined 14 or 15 parcels of property on Jackson Boulevard, including this one, for the condemnor. He was then asked the following

improper question which evoked the following improper answer:

"Q. And the other ones were disposed of, is that correct?

A. As I understand, the others were all settled."

In his closing argument, the attorney for the condemnor stated: "If the Court please, likewise, ladies and gentlemen, you heard Mr. Clark tell about the other fourteen parcels. We can't tell what we settled those parcels for. The law restrains us from doing that ***."

The prevailing opinion in the appellate court justified this argument on the ground that the attorney for the condemnor had a right to explain that the law did not permit him to tell the jurors what the other parcels were settled for "because Mr. Clark inadvertently mentioned the settlement of the other fourteen parcels, and the jury should not be left wondering why they weren't told the amounts of the settlements. This was fair comment on the evidence." 132 Ill. App. 2d at 649, 270 N.E.2d at 262-3.

This justification is, in my opinion, both inaccurate and naive. It is inaccurate because the attorney's remark cannot be classified as comment on the evidence; and it is naive because the initial improper response of the witness appears to have been invited rather than inadvertent.

This court has held that "*** the cost of acquisition of other property by a condemning authority is never admissible. (*Jefferson Park Dist. v. Sowinski, 336 Ill. 390.*)" (*Department of Public Works and Buildings v. Pellini, 7 Ill.2d 367,373.*) To require the landowner to object, and thereby to underscore the objectionable evidence in the minds of the jury is, in my opinion, to reward improper conduct on the part of the condemnor. See *Department of Business and Economic Development v. Brummel (1972), 52 Ill.2d 538.*