THE DEPARTMENT OF TRANSPORTATION, Petitioner-Appellee, *v.* STANLEY
B. NEWMARK *et al.,* Defendants-Appellants.

(No. 74-292; )

Fifth District—December 22, 1975.

*Rehearing denied February 11, 1976.*

Karns, Starnes, Nester & Stegmeyer, of Belleville, for appellants.

William J. Scott, Attorney General, of Springfield (Roy E. Frazier, Jr.,
and Ronald C. Mottaz, Assistant Attorneys General, of counsel), for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The Department of Transportation of the State of Illinois (hereinafter
petitioner) brought this action to determine just compensation for taking
certain property belonging to defendant Stanley Newmark under the
power of eminent domain. The defendant filed a counterclaim alleging
damages to the remainder of his land. The jury awarded the defendant

$39,180 in compensation for the property taken, but found that his remaining land had not been damaged. The court entered judgment based in part upon the verdict of the jury and partly on a stipulation between the parties regarding costs of sign removal and relocation.

On appeal the defendant, who requests a new trial, presents the following issues for review: (1) whether the trial court erred by permitting counsel for the State to advise the jury in opening and closing arguments, and by allowing the introduction into evidence of defendant's prior knowledge of the State's intention to acquire the property in question; (2) as a corollary to his first issue, whether the court erred in denying defendant's motion for a mistrial based on counsel's opening statement alleging defendant's "prior knowledge"; (3) as an additional corollary to the first issue, whether the court improperly denied defendant's motion *in limine* to prevent further comment or testimony concerning defendant's "prior knowledge"; (4) whether the trial court improperly gave Instruction #17 over defendant's objection. Petitioner filed a motion to strike defendant's post-trial motion. Because of information supplied in the supplemental record, however, the petitioner has chosen not to pursue this motion. We therefore allow him to withdraw it.

The Department of Transportation filed its petition for condemnation on March 14, 1972. The only issues raised in the pleadings and in defendant's counterclaim concerned the amount of compensation for property rights taken and damages to the land not taken. Nonetheless, counsel for the State advised the jury in opening argument that the lawsuit did not begin the day the petition was filed, but back in 1962 when a public hearing was held concerning improvements to the U.S. Route 66 (now Interstate 55). Counsel further stated that the defendant was aware of the proposed access control construction when he purchased the properties in 1969 and 1970. Defendant's objections to the comments concerning "prior knowledge" were overruled. Defense counsel then attempted to counteract the effect of those comments by telling the jury in his opening statement that only one issue existed for their determination—the compensation or damages due the defendant for the taking of his property. Prior to the introduction of evidence, defendant's counsel moved for a mistrial, alleging irreparable damage and prejudice as a result of the comments of petitioner's counsel. The trial court denied the motion for mistrial. Defense counsel then moved *in limine* for an order restricting the petitioner from introducing evidence regarding the possible prior knowledge of the taking of the defendant's property. The motion was also denied.

During trial an employee of the Department of Transportation was permitted to testify over defendant's objection that a public hearing was held in regard to the project prior to 1969. A predecessor in title to a portion of defendant's land testified on cross-examination to his and the defendant's prior knowledge of the proposed taking. One of petitioner's expert witnesses was also asked whether the defendant knew the frontage road was to be constructed when he bought the property. Defendant himself was also questioned by petitioner regarding his "prior knowledge" and concerning his residence in Missouri; his occupation; other purchases of property along I-55; whether he considered himself an intelligent sophisticated investor; the number of properties he had purchased in Illinois during the last 10 years; whether he owned other service stations in Illinois; whether he owned property in Missouri; whether he had actual knowledge at the time his lots were subdivided that a construction of frontage road was planned; whether and when he secured plans from the Highway Department concerning this and other highway projects.

Various witnesses testified concerning the value of the property taken. The jury's verdict on this issue was within the range of valuation established by the evidence. As to the amount of damages to land not taken, the State's witnesses testified that the remaining land had suffered no damage. Defendant's witnesses, however, testified to a $78,000 decline in the value to the remaining land.

In closing argument, petitioner again advised the jury that the defendant knew of the plans for his property when he purchased it. The circumstantial evidence for this knowledge, according to petitioner's counsel, was the fact that the defendant owned two or three pieces of property in Illinois and seven or eight tracts in Missouri. Counsel described the defendant as an experienced and sophisticated promoter. He further suggested that the defendant made many trips to the Highway Department offices to examine their plans and indicated that defendant had more plans in his file than he did himself. He characterized the defendant as a man who intended to profit as a result of the condemnation proceeding.

Over defendant's objection, the trial court gave Instruction No. 17 to the jury which in part advised the jurors that in condemnation proceedings, there shall be excluded from the amount of money awarded to the property owner any appreciation in value proximately caused by such improvement and any depreciation in value proximately caused by the improvement.

The defendant contends that the trial court erred in allowing petitioner's counsel to dwell upon in opening and closing argument and to present testimony regarding the defendant's asserted prior knowledge of the taking of his property rights. We agree.

■■■ The sole purpose of a condemnation proceeding is to ascertain the just compensation to be made to the landowner for the property taken. This is the only question triable by the jury in such a case. (*Chicago Land Clearance Com. v. White*, 411 Ill. 310, 104 N.E.2d 236, *cert. denied* 344 U.S. 824, 97 L.Ed. 641, 73 S.Ct. 23; *Sanitary District v. Johnson*, 343 Ill. 11; *O'Hare v. Chicago, Madison & Northern R.R. Co.*, 139 Ill. 151.) Where the landowner has counterclaimed for damages to land not taken, this issue is, of course, also properly before the jury. The admission of evidence and counsel's arguments on the questions of the defendant's "prior knowledge," other property holdings, and business acumen, were improper because they were totally irrelevant to the issues before the jury, to wit, the amount of compensation and/or damages. The prejudicial effect of the foregoing evidence and argument is manifest, and we accordingly reverse and remand this case for a new trial.

To prevent error from occurring again upon trial, however, we consider defendant's additional contention.

■■ We agree with defendant that the trial court erred in instructing the jury that in condemnation proceedings there shall be excluded from the amount of money awarded to the property owner any appreciation in value proximately caused by such improvement and any depreciation in value proximately caused by such improvement. Instruction to the jury must be predicated upon evidence in the case and instructions which are not sustained by the evidence should not be given. (*Down v. Comstock*, 318 Ill. 445; *Washington Ice Co. v. City of Chicago*, 147 Ill. 327.) The record contains no evidence whatsoever indicating that the value of defendant's remaining property would be enhanced by the taking. The evidence elicited from the petitioner's witnesses shows instead that the remaining land sustained no damage as a result of the taking. Consequently, it was error to give Instruction No. 17.

For all of the foregoing reasons, we reverse the judgment of the Circuit Court of Madison County and remand cause for a new trial.

Reversed and remanded.

JONES and G. J. MORAN, JJ., concur.