## Mayor, City Council and Clerk of the City of Harvey v. Clark A. Dean, William F. Kissell, Clark W. Ranger et al.

1. CERTIORARI—*Nature of the Writ.*—The writ of certiorari lies only to inferior tribunals and officers exercising judicial functions. The act, to be reviewed, must be judicial in its nature, and not ministerial or legislative.

2. SAME—*Where the Writ Does Not Lie.*—It does not lie to review the exercise of a discretion, so when issued for the purpose of reviewing the proceedings of a municipality, it is for the purpose only of determining the legality of the proceedings reviewed, and the judgment is that the proceeding is valid or invalid, not whether it is wise or discreet.

3. SAME—*Does Not Lie to Determine the Validity of Ordinances.*—The writ of certiorari does not lie to test the validity of ordinances of a municipal corporation.

4. SAME—*Does Not Lie Where Other Modes of Review Are Given.*—It does not lie, where an appeal, writ of error or other mode of review is given.

5. JUDICIAL ACTION—*Distinguished from Discretion and the Exercise of Judgment.*—A body, municipal or otherwise, to which power has been intrusted, does not exercise judicial action merely because it is vested with discretion, or may exercise judgment.

6. MUNICIPAL CORPORATIONS—*When Not Exercising Judicial Functions.*—The mayor and common council of a city, in enacting an ordinance providing that the city council may, in its discretion, upon cer-

tain conditions therein named, and upon a yea and nay vote, grant licenses to sell intoxicating liquors, are not exercising judicial functions.

Certiorari.—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1895. Reversed. Opinion filed January 22, 1896.

## STATEMENT OF THE CASE.

This was a petition for a writ of certiorari, in which the petitioners set forth that they are citizens and resident householders and taxpayers of the city of Harvey, and have been ever since the organization of said city; that they are the owners respectively of real estate in said city; that each of said petitioners has a family residing with him in said city; and that each of said petitioners expects to continue his residence in said city indefinitely, and that they are each interested in the welfare and good morals of said city.

The petition then goes on to set forth the organization of the said city of Harvey, under the general law of 1882 for the incorporation of cities and villages, and that on the 30th day of July, 1885, there were in force in said city, ordinances thereof, and certain rules and regulations pertaining thereto, as to the manner in which the business of the common council of said city should be transacted, and the way in which ordinances should, before being passed, be referred to committees, and the time and manner in which such proposed ordinances should be brought before said council for a final vote thereon.

The petition then sets forth that in violation of such ordinances, rules and regulations, there is claimed to have been passed, on the night of the 30th day of July, 1895, and created by the said council of the said city of Harvey, a certain ordinance regulating the sale of intoxicating liquors, and providing for the licensing of dram-shops in said city.

The petitioners further set forth that said council, or at least four of the aldermen of said city council, and the mayor of said city, are threatening to issue licenses under the provisions of said pretended license ordinance, and the petitioners also allege that in determining the amount of

license fee provided for in said ordinance, as well as the conditions of the bond which should be executed by the licensee, said council was acting in a quasi-judicial capacity, on a matter exclusively within its jurisdiction, and that the law does not provide for an appeal from the action of said city council, and that the petitioners have no remedy to have the said ordinance declared illegal, or canceled, or the action of the said council reversed, except by order of the court allowing the writ of certiorari, directed in due form of law to the mayor, city clerk and city council of said city, etc.

The petitioners allege that in the pretended passage of said ordinance, the said council exceeded its powers and jurisdiction, and that its act in that regard was illegal. A copy of the ordinance which the petitioners ask to have declared illegal and void, is attached to the petition.

The ordinance provides that the city council may, in its discretion, grant licenses for the sale or giving away of intoxicating liquors, upon certain conditions named in the ordinance, the license fee being fixed at $1,000 per annum, payable quarterly in advance; and also provides for the executing, by the licensee, of a bond, in accordance with the provisions of the law in this State, in the penal sum of $3,000.

The ordinance provides that such license may be issued, if the council shall be satisfied that the applicant is a suitable person, and the place where such applicant proposes to deal in liquors a proper place, and the council decides, upon a vote taken by yeas and nays, to grant the application.

The petition was answered by the respondents, the mayor, city clerk and city council, of the city of Harvey, and all the ordinances and proceedings of said city set up in said petition were brought before the Circuit Court; upon examination of which, and the petition, the Circuit Court found that the ordinance referred to in the petition was illegally passed by the said city council, on July 30, 1895, and it therefore ordered and adjudged that the proceedings of the city council in passing said ordinance be annulled, quashed and set aside, and that the ordinance be declared null and void.

From which order the defendants in said petition have taken an appeal to this court.

A. B. MELVILLE and FRANK L. STOBBS, attorneys for appellants.

CLARK & CLARK and G. M. MILLER, attorneys for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is impossible to reconcile all of the decisions in this country concerning the granting of writs of certiorari to review the proceedings of municipal bodies. The rule in this State is that this writ lies only to inferior tribunals, and officers exercising judicial functions, and that the act to be reviewed must be judicial in its nature, and not ministerial or legislative. It is sufficient that the act reviewed is of a quasi-judicial nature; that is to say, the body whose proceedings are brought before the court, need not be a court, in the ordinary sense of the term, but it must be a body having power to act judicially, and the action reviewed must be in the nature of judicial action. Hyslop et al. v. Finch, 99 Ill. 171; Commissioners of Mason and Tazewell Drainage District v. Griffin, 134 Ill. 330; Miller v. Trustees of Schools, 88 Ill. 26.

The writ does not lie to review merely ministerial or legislative action. It is not always easy to distinguish clearly between what is legislative and what is judicial action. It was said by Chief Justice Marshall, in Hyman v. Southard, 10 Wheaton 46, that the difference between the three departments of our government is that the legislative makes, the executive executes, and the judiciary construes the law.

It is well recognized that the prime function of the judiciary is to adjudicate upon and protect personal and property rights. It has been said that that which distinguishes the judicial from the legislative act is, that the one is a determination of what the existing law is in relation to

something already done, or that has already happened; while the other is an enactment of what the law in the future shall be. Judicial action is a passing upon and determination as to things already in existence; legislative is the making of a provision for the future.

Judicial action implies parties, an existing thing about which a determination is to be had, and also parties having rights in respect to such things, which parties being before court, or as is sometimes said, in court, have a right to be heard concerning that about which it is proposed to adjudicate.

A body, municipal or otherwise, to which power has been intrusted, does not exercise judicial action merely because it is vested with discretion, or may exercise judgment. Almost all ministerial officers are intrusted with more or less discretion, and all legislative bodies not only use discretion but judgment in whatever they do. The State of Rhode Island v. Commonwealth of Mass., 12 Peters 657 and 718; Floinoy v. The City of Jeffersonville, 17 Ind. 169–173; In re the Petition of Zborowaki, 68 N. Y. 88–97; Mills v. The City of Brooklyn, 33 N. Y. 489 and 492; Tyndall et al. v. Drake et al., 60 Ala. 170–177; Mabry v. Baxter, 67 Tenn. 682; Rice et al. v. Parkman, 16 Mass. 326–328.

Tested by these rules, it is manifest that the mayor and common council of the city of Harvey, by creating an ordinance providing that the city council might, in its discretion, upon certain conditions therein named, and upon a yea and nay vote, grant licenses to sell intoxicating liquors, was not exercising a judicial function, or indulging in judicial action.

They were not adjudicating or determining as to anything then existing, or as to the property or personal rights of any individual. It does not follow that because a municipality may be vested with the power to act both in a legislative and judicial capacity, and that a writ of certiorari will lie to review acts done under the latter, that the mere legislative proceedings of such body can be reviewed under such writ.

It is held in New Jersey, Camden v. Mulford, 26 N. J. 49,

that the acts of a municipal corporation may be reviewed by certiorari whether such acts are judicial or legislative, but so far as we are aware, such is not the rule in any other State. .

When a writ of certiorari is issued for the purpose of reviewing the proceedings of a municipality, it is for the purpose only of determining the legality of the proceedings reviewed, and the judgment is that the proceeding is valid or invalid, not whether it is wise or discreet. Hyslop v. Finch, *supra.*

The writ does not lie to review an exercise of discretion. Am. & Eng. Enc. Law, Vol. 3, p. 64; Townsend v. Copeland, 56 Cal. 612; Lake v. City of Newton, 54 Iowa, 586; Tiedt v. Carstensen et al., 61 Iowa, 334; Supervisors of Midland v. The Auditor General, 27 Mich. 165; Benton v. Taylor, 46 Ala. 388.

The two things concerning which petitioners allege the action of the city council was in a quasi-judicial capacity, are fixing the amounts for which the licenses might be issued, and determining the sum in which the licensee should give bond. These were things concerning which the council was vested with a discretion. Where a tribunal is pursuing a discretion given to it, its acts in exercising such discretion can not be said to be illegal, whatever else they may be.

The writ of certiorari does not lie when appeal, writ of error or other mode of review is given. Ennis v. Ennis, 110 Ill. 78; Vol. 3 Am. & Eng. Enc. Law, 64.

What is claimed in this case is, that the court will, upon certiorari, determine the legality of any and all ordinances of the city. We are aware of no authority for such position save the rule existing in the State of New Jersey.

Whether the ordinance of the city of Harvey is valid or invalid is not before this court for determination. If any license shall be issued thereunder, and proceedings shall be had against any person for selling liquors in said city who has such license, the question of the validity of the ordinance can be tested. The present proceeding is unwarranted and the judgment of the Circuit Court is reversed.