The Chicago, Terre Haute and Southeastern Railway Company, Defendant in Error, *vs.* James Greenfield *et al.*—(John Boston *et al.* Plaintiffs in Error.)

*Opinion filed April 22, 1915.*

1. Eminent domain—*the Eminent Domain act requires nothing of a defendant.* No pleading is required of a defendant in a condemnation proceeding, nor is it necessary to enter a default against the defendants notified by publication, as the only inquiry is the amount of compensation, and a defendant may participate in the hearing on such question, introduce evidence and take any other appropriate action without answer or pleading.

2. Same—*section 19 of Chancery act does not apply to a condemnation judgment.* Section 19 of the Chancery act, which permits a defendant who has been notified by publication, only, to come in within one year from the entry of the decree and ask leave to defend, has no reference to a condemnation judgment, as condemnation proceedings are wholly statutory and the only provisions of the Chancery act incorporated in the Eminent Domain act are those referring to the service of summons and publication of notice.

Writ of Error to the Superior Court of Cook county; the Hon. Clarence N. Goodwin, Judge, presiding.

A. G. Dicus, for plaintiffs in error.

W. F. Peter, for defendant in error.

Mr. Justice Dunn delivered the opinion of the court:

The defendant in error filed a petition in the superior court of Cook county for the condemnation of certain real estate, including two lots of the plaintiffs in error. The plaintiffs in error were non-residents and were notified by publication, only. The amount of compensation to be made was ascertained by a jury and judgment for the possession of the property upon payment of the amount awarded was rendered by the court. Within a year the plaintiffs in er-

ror, not having received any notice of the proceeding, applied to the court, in accordance with the provisions of section 19 of the Chancery act, for leave to defend, and their petition having been denied they have sued out a writ of error.

Two assignments of error are insisted upon, the first of which questions the action of the court in entering judgment without entering a default against plaintiffs in error. The plaintiffs in error were not in default and no default could properly have been entered against them. The Eminent Domain act requires nothing of a defendant. No pleading is contemplated, and not only is no answer required, but if one is filed it may be stricken from the files. The only inquiry is the amount of compensation, and a defendant may participate in the hearing upon this question, introduce evidence and take any other appropriate action without answer or other pleading. *Chicago and Iowa Railroad Co.* v. *Hopkins,* 90 Ill. 316; *Smith* v. *Chicago and Western Indiana Railroad Co.* 105 id. 511; *Johnson* v. *Freeport and Mississippi River Railway Co.* 111 id. 413; *Gage* v. *City of Chicago,* 141 id. 642.

The other assignment of error is that the court erred in denying the petition of the plaintiffs in error for leave to appear and defend. Proceedings for the condemnation of private property for public use are entirely statutory. They are governed by chapter 47 of the Revised Statutes, and the Chancery act has no application to them except so far as its provisions are incorporated in that chapter. The only reference to the Chancery act is contained in section 4, which provides that the service of summons and publication of notice shall be made as in cases in chancery. This does not incorporate into the Eminent Domain act any provisions of the Chancery act other than those referring to the service of summons and publication of notice. It has no reference to the effect or finality of judgments

which may be rendered after service or publication, and section 19 of the Chancery act has no application to judgments under the Eminent Domain act.

The judgment of the superior court of Cook county will therefore be affirmed.          *Judgment affirmed.*