(No. 24168.—)
The County of Williamson, Appellee, *vs.* W. T. Brock *et al.*—(Robert Cruse, Appellant.)

*Opinion filed October 15, 1937.*

Ralph W. Harris, and Lan Haney, for appellant.

J. O. Gallimore, State's Attorney, and J. H. Clayton, for appellee.

Mr. CHIEF JUSTICE FARTHING delivered the opinion of the court:

The county of Williamson sought to condemn forty-three tracts of land for the use of the people of the State in connection with the construction, reconstruction, repair and improvement of State aid highway number 9. As owner of tract 41, appellant, Robert Cruse, alone has appealed from a judgment of the county court of Williamson county. He and Bessie Cruse, who was also made a defendant, were awarded $15 for land taken and $300 as damages to land not taken.

No questions are raised as to the pleadings or the right to condemn. Cruse took no steps in the suit until the jury had returned its verdict. The verdict contained a finding that "Robert Cruse *et al*" were the owners of this tract, containing seven-hundredths of an acre, but made no mention of Bessie Cruse. The prayer of the petition is broad enough to embrace a finding as to damages to land not taken, but there was no testimony that Robert Cruse owned any land except tract 41, all of which was sought to be taken by the condemnor. The abstract contains a statement of counsel for the condemnor, preliminary to a question asked of the witness A. B. Clark, that tract 41 was "in the name of Robert Cruse and Bessie Cruse." Appellee's witness Burnett, a junior highway engineer, testified that Robert Cruse offered to take $1000 for tract 41 the day before Burnett testified. Police magistrate, E. A. Carson, testified that he was also secretary of a building and loan association at Hurst, in Williamson county; that he knew the value of property generally in Hurst and Cambria; that he had bought and sold property in Hurst and was familiar with the property involved in the condemnation suit. In his opinion tract 41 was worth $850. Carson and Burnett were witnesses for appellee, and there was no testimony offered on behalf of Robert or Bessie Cruse.

The tract of seven-hundredths of an acre was improved with a gasoline filling station.

The jury's verdict was returned on October 21, 1936. On October 31, Robert Cruse filed his motion for an extension of time within which to file a motion for a new trial. On November 3, that motion was allowed, and the motion for a new trial was ordered filed on or before November 7. It was filed within the time named, but was overruled on November 12. The judgment on the verdict was rendered on December 4, 1936.

On motion of the county a default was entered against Robert Cruse on October 19, 1936, and it is the contention of the appellee that the motion for a new trial is, in effect, a motion to vacate and set aside this default, rather than a motion for a new trial. Counsel for appellee say Cruse failed to show diligence and failed to show that he had a meritorious defense, and these things would be requisite if the default order were to be set aside.

Cruse contends that (1) there is no competent evidence as to the value of the seven-hundredths of an acre taken; (2) that there is no evidence as to who Bessie Cruse is, or that she had any interest in the tract; (3) that there is no evidence that he owned any land except the seven-hundredths of an acre sought to be taken, and no evidence that he would suffer damage to land not taken, and (4) that the verdict finding his filling station and seven-hundredths of an acre of land to be worth $15 is contrary to the evidence, if it be held that Burnett's and Carson's testimony was competent.

In *Department of Public Works v. Foreman State Bank,* 363 Ill. 13, at page 23, we discussed the qualification of witnesses to testify as to the value of land sought to be condemned. The witness Carson was shown to be sufficiently qualified to express an opinion as to the value of this tract. The weight of his testimony was for the jury to determine, but his testimony was competent. The testi-

mony of Burnett as to the $1000 offer was competent as an admission against interest. (*Springer* v. *City of Chicago,* 135 Ill. 552.) The appellant's contention that there was no evidence as to the value of the seven-hundredths of an acre sought to be condemned, is not well taken.

Appellee's contention that the motion for a new trial is, in effect, a motion to vacate and set aside the default order of October 19, 1936, is without merit. The only issue for the jury in a condemnation proceeding is that of damages, (*Sanitary District* v. *Johnson,* 343 Ill. 11, 16,) and an answer not only need not be filed by the land owner but, if filed, it will be stricken. *Chicago, Terre Haute and Southeastern Railway Co.* v. *Greenfield,* 268 Ill. 94; *Citizens' Savings Bank and Trust Co.* v. *City of Chicago,* 215 id. 174.

Unless the verdict of a jury, in a condemnation proceeding, appears to have been the result of passion or prejudice, or of a clear and palpable mistake, it will not be disturbed where the amount fixed is within the range of the evidence and the jury has viewed the premises. (*Forest Preserve District* v. *Dearlove,* 337 Ill. 555.) But where the jury disregards the testimony and awards an amount that is either excessive or too small, as shown by the testimony of the witnesses, we have not hesitated to set such verdict aside. (*Super-Power Co.* v. *Sommers,* 352 Ill. 610.) This verdict and judgment for $15 for land taken were in total disregard of the testimony. The court erred in denying the motion of appellant for a new trial. Appellee's contention that this motion was filed too late can not be sustained. Section 68 of the Civil Practice act gave appellant ten days after the entry of a final judgment, or such extension of time as was granted him within that ten days, within which to file his motion for a new trial. He obtained an extension of time long before the judgment was rendered, and his motion was filed and overruled before judgment.

It is not necessary to determine what should be done as to the inclusion of Bessie Cruse as one of the defendants entitled to share in this judgment. At the next trial of this case the interest of the Cruses can be shown.

For the reasons indicated the judgment of the county court of Williamson county is reversed as to tract 41 and a new trial is ordered.

*Reversed and remanded.*