(No. 28098.—

The People *ex rel.* E. R. McWard, County Collector, Appellee, *vs.* Chicago & Illinois Midland Railway Company *et al.*, Appellants.

*Opinion filed November 22, 1944.*

WALTER M. PROVINE, ERNEST G. YOUNG, GRAHAM & GRAHAM, all of Springfield, and HERSHEY & BLISS, of Taylorville, for appellants.

THOMAS SWEENEY, State's Attorney, (BRENDA SWEENEY, of counsel,) both of Taylorville, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The defendants, Chicago & Illinois Midland Railway Company, the Baltimore and Ohio Railroad Company, and an affiliate of the latter, Cincinnati, Indianapolis & Western Railroad Company, having previously paid their taxes in full, under protest, filed objections in the county court of Christian county to an application of the county collector for a judgment against and an order for the sale of their property for nonpayment of certain taxes for the year 1941. Defendants refer to the parent company and its affiliate as "B. & O.," and we adopt this designation. The third company will be referred to as "C. &. I. M." From an adverse judgment, defendants appeal.

The unusual presentation of the present appeal requires initial consideration. Rule 39 of this court (Ill. Rev. Stat. 1943, chap. 110, par. 259.39,) prescribes, in part, that an appellant's brief shall contain "a short and clear statement of the case, showing, first, the nature of the action; second, the nature of the pleading sufficiently to show what the issues were, and to present any question subject to re-

view arising on the pleadings; third, in cases depending upon the evidence, the leading facts which the evidence proved or tended to prove, * * * and fourth, how the issues were decided upon the trial or hearing and what the judgment or decree was. The concluding subdivision of the statement of the case shall be a brief statement of the errors or cross errors relied upon for a reversal * * *." The rule provides, further, that the statement of the case shall be followed by the propositions of law and the authorities relied upon to support them. Further, Rule 39 restricts the argument in support of the brief of any party "to a discussion and elaboration of the points contained in the brief." The rule concludes, "Evidence shall not be copied at length in such argument, but reference shall be made by number to the page or pages of the abstract where such evidence may be found."

The opening portion of appellants' brief, captioned, "Statement" does not purport to make a statement of their case. Charitably interpreted, we may assume that objections interposed by the taxpayers fall into two categories, the first "involving solely the sufficiency and adequacy of the language and items appearing in various levies" and the second, those "involving the disputed question of fact as to whether or not a number of certificates of levy of town taxes for relief of the poor were illegally altered (and thereby nullified) by persons unknown subsequent to the time they were certified to and filed in the office of the County Clerk of Christian county." The quoted analysis is of no assistance to this court. There is no statement of the errors relied upon for a reversal. It is true that where the questions sought to be raised on review and the errors relied upon for reversal clearly appear from an examination of the entire brief, although not contained in a formal statement as the concluding subdivision of the statement of the case, as required by the letter of Rule 39, the appeal will not be dismissed for failure to comply with

the rule. (*Swain* v. *Hoberg,* 380 Ill. 442.) This liberal construction of Rule 39 is of but little aid to defendants as the issues sought to be presented and the errors relied upon for reversal do not appear with reasonable certainty from our examination of the entire brief. The propositions of law appear under the general headings "county taxes," "township taxes" and "highway taxes." Application of the law to the issues presented is left entirely to surmise. The third part of the brief, consisting of approximately twelve pages, entitled "Argument," is, in large part, a mere statement of the objections interposed to the collector's application for judgment. We thus have the situation of a statement of the case which, in reality, is no statement and, then, a partial statement of the case appearing as defendants' "Argument." Moreover, and referring specifically to the "Argument" of the B. & O., there is not a single reference to the abstract of record with respect to three items of the county levy for general corporate purposes, four items of the township of Pana levy for general town purposes, four items of the highway commissioner's levy for the township of Buckhart, seven items of the levy of the highway commissioner for the town of Taylorville, levies of the towns of Locust, Pana and Mosquito for road and bridge tax, three items of the city of Taylorville, two items of the city of Pana, two items of the village of Mt. Auburn and the entire levies of School Districts Nos. 5 and 152 and a part of the levy for building purposes of High School District No. 308. Illustrative of the argument advanced, is the following quotation relative to the levies of the towns of Locust, Pana and Mosquito for road and bridge tax: "Objection is made to various items levied in excess of the amounts appropriated for such purposes and to levies for oiling roads where a special tax had been voted for such purposes as constituting double taxation similar to objections discussed in paragraph numbered 11 above." Paragraph 11 to which

reference is made does not contain a single word relative to "levies for oiling roads * * *." Similarly, references to the abstract are lacking in the less than two pages of "Argument" purporting to cover the objections of the C. & I. M. The objections of the B. & O. and the C. & I. M. could be properly and adequately considered only by a search through the abstract of 124 pages and the record of 401 pages. This, we decline to do.

Our observations demonstrate that defendants' brief is, in large measure, inadequate to present for consideration the objections to which they refer. There is, however, a single exception. We note that even here neither the propositions of law nor authorities relied upon to support them follow the portion of the brief captioned "Statement." The B. & O., one of the defendants, objected to an item in each of the tax levies of the towns of Taylorville, May, Locust and Mt. Auburn appearing in the respective certificates of levy in the office of the county clerk as "Home Relief (including veterans)." A like objection was apparently made to an item in the tax levy of the town of Buckhart, but, if so, it does not appear in the abstract and will not be considered. The contention is made that, subsequent to the time of filing the certificates of levy with the county clerk, the words "(including veterans)" were deleted from the certificates and that, without this deletion, the items of "Home Relief (including veterans)" were void for the reason the levies were not separated to show what part is for the poor of the towns and what part for veterans' relief. (*People ex rel. Voorhees* v. *Chicago, Burlington and Quincy Railroad Co.* 386 Ill. 200; *People ex rel. Little* v. *Peoria and Eastern Railway Co.* 383 Ill. 79.) If, however, the challenged items have not been tampered with, their validity is not assailed. The issue made is one of fact, namely, whether the items in the tax levies have been changed, as charged. Reliance is placed upon the testimony of two tax investigators who

testified that they examined the original certificates of levy after they were filed with the county clerk and that, at the time of their examination, the words "(including veterans)" were not deleted. To support the levies of these items, Prentiss Fellers, a deputy county clerk of Christian county, and the county clerk in 1941, testified that the tax levy certificates were in the same condition on the day of the hearing upon the objections as when filed. The clerks of the four towns also testified that the objectionable language in the tax levy certificates was stricken prior to the passage of the levy ordinances at the respective town meetings. The decision of the trial judge upon the issue of fact to be determined from the conflicting evidence, fortified by the presumption that the taxing officials properly discharged their duties, (*People ex rel. Wilson* v. *Wabash Railway Co.* 368 Ill. 497,) cannot be said to be against the manifest weight of the evidence. The portion of the judgment overruling the objections to the items for home relief will not be disturbed.

The abstract fails to show when the C. & I. M. perfected its appeal by disclosing the date upon which its notice of appeal was filed or whether it filed its *praecipe* for record in due time, pursuant to Rules 34 and 36. (Ill. Rev. Stat. 1943, chap. 110, pars. 259.34, 259.36.) A duty rested upon the taxpayer to make an affirmative showing in the abstract in the respects set forth. This is particularly true here since the defendants upon the present appeal were parties to a joint motion consolidating their cases, for the purpose of appeals to this court, with the cases of the three railroad companies involved in *People ex rel. McWard* v. *Wabash Railroad Co. ante,* p. 312, where the appeals of the three taxpayers were dismissed in the trial court for the reason that they did not file reports of proceedings within the time fixed by Rule 36 of this court, as extended. The appeal of the C. & I. M. must be dismissed for its failure to make an affirmative showing

of its compliance with Rules 34 and 36, irrespective of the inadequate presentation of its objections for consideration.

We have made this extended discussion because the presentation of a case upon appeal in conformity with the rules of this court is not only of considerable assistance to us in ascertaining and disposing of the issues presented for our decision but, also, because the opposing parties are placed in a position of extreme disadvantage by a brief which is almost impossible to answer. Plaintiff in the present case found it difficult to prepare a brief supporting the judgment of the county court, and we recognize his difficulty in this regard.

The appeal of the Chicago & Illinois Midland Railway Company is dismissed, and the judgment in favor of the collector and against the Baltimore and Ohio Railroad Company and its affiliate is affirmed.

*Appeal dismissed as to Chicago & Illinois Midland Railway Company; judgment affirmed as to Baltimore and Ohio Railroad Company et al.*