(No. 32140.—

Chicago Land Clearance Commission, Appellee, *vs.* Inez White *et al.,* Appellants.

*Opinion filed January 24, 1952—Rehearing denied March 17, 1952.*

HEBER T. DOTSON, of Chicago, for appellants.

WILSON & McILVAINE, CONCANNON, DILLON & SNOOK, HEINEKE & CONKLIN, DONOVAN, SULLIVAN, JEFFERS & BREEN, HARRY O. ROSENBERG, LYCURGUS J. CONNER, ELSA C. BECK, and WILLIAM F. MORRISSEY, all of Chicago, for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This case involves an appeal from the circuit court of Cook County wherein several judgments were entered fixing compensation for several tracts of land owned by different defendants.

The petitioner is the Chicago Land Clearance Commission which was acting pursuant to a statute known as the Blighted Areas Redevelopment Act of 1947. (Ill. Rev. Stat. 1949, chap. 67½, pars. 63-91.) Counsel appearing for appellants herein questioned the constitutionality of this act in a proceeding which resulted adversely to his claim in this court in the case entitled *People ex rel. Tuohy* v. *City of Chicago,* 399 Ill. 551.

The petitioner in the instant case determined that a certain territory lying on the south side of Chicago was a slum and blighted area that should be cleared and redeveloped as provided by the statute. To this end all procedural steps were taken during December, 1949, and 1950, wherein petitioners represented by several counsel filed in the circuit court of Cook County sixteen petitions to condemn certain tracts of real estate, there being several parcels contained in each petition. All of these cases were assigned to Judge D. J. Normoyle, who was the judge assigned to hear the condemnation calendar. From him changes of venue were sought and obtained by all defend-

ants involved in this appeal. Following local rules, these cases then went to Judge Harry M. Fisher, who, failing to effectuate settlement on pretrial, consolidated the petitions to condemn under the title of the first filed and sent them for disposition to Judge Jacob Berkowitz, a judge of the city court of Mattoon, holding a branch of the circuit court of Cook County at the request of and pursuant to the order of the executive committee of the judges of the circuit court of Cook County. All defendants then and here are represented by the same counsel. In each proceeding he filed the same motion to controvert petitioners' right to condemn.

There was a trial in the court of Judge Berkowitz on this motion, which lasted fourteen days. The defendants were unsuccessful, and, after their motions to controvert were overruled, they each filed separate motions to dismiss. These motions likewise were overruled.

Before a hearing on the question of just compensation was had, defendants perfected an appeal to this court, and before a final judgment was entered as to any of the parcels involved herein, the petitioner, desiring an early disposition of the appeal, filed a short record and with it a motion to dismiss the appeal on the ground that it was prematurely brought.

This motion was allowed at the May Term of this court, 1951, in the case entitled *Chicago Land Clearance Com. v. White,* 409 Ill. 290.

During the pendency of the appeal, there were jury trials in the court of Judge Berkowitz to determine the compensation to be paid for certain parcels of real estate included in the foregoing appeal. Counsel for defendants had notice of but failed to participate in those trials, which took place on April 4, 9, 10, 11. On April 13 a motion for *supersedeas* was filed, in those cases where jury trials were had to ascertain fair compensation, which was allowed by Judge Berkowitz, awaiting the action of this court on the

motion to dismiss the appeal. After the mandate of this court dismissing the appeal was filed, trials and judgments were had as to all remaining parcels of property. The defendants are again in this court and with an incomplete record. There is only one petition to condemn and only one motion to controvert, and there being no report of proceedings we are not called upon to resolve any factual controversy.

The appellants have assailed the judgments entered in this cause in a brief containing 150 pages. The first one-third of the brief challenges the legality of all proceedings before Judge Jacob Berkowitz, contending he had no authority to hold court in Cook County and was not properly assigned to that court.

Appellants admit in their brief that Judge Berkowitz was assigned to preside in the circuit court of Cook County by an order signed by the executive committee of the circuit judges of Cook County. They have failed to cite and consider the appropriate statute controlling the situation under consideration, (Ill. Rev Stat. 1949, chap. 37, par. 338,) which states:

"Section 6. Such judges may, with like privileges as the judges of circuit, superior and county courts, interchange with each other, and with the judges of circuit, superior, county and probate courts of Cook and other counties and may hold court for each other, and for judges of circuit, superior, county and probate courts of Cook and other counties, and perform each other's duties, and the duties of judges of circuit, superior, county and probate courts of Cook and other counties, when they find it necessary or convenient."

The above section was enacted in 1901 and amended in 1915 and 1927. The 1915 amendment inserted the phrase "Cook and other counties," and the 1927 amendment embraced the "Superior Court of Cook County." This court has had occasion to consider the applicability of that statute

in the following cases: *American Car and Foundry Co.* v. *Hill,* 226 Ill. 227; *People ex rel. Giese* v. *Dillon,* 266 Ill. 272; *Madden* v. *City of Chicago,* 283 Ill. 165. In the latter case, a question was raised with respect to the right of a city court judge sitting in the circuit court to sign a bill of exceptions. The court said, at page 171, "We will take judicial notice of the fact that E. M. Mangan is a judge of the city court of the city of Aurora. Under the statutes he is empowered to hold circuit court in any of the circuits in the State when properly requested to do so." To like effect is the holding in the case of *Cummings* v. *Smith,* 368 Ill. 94. We are not unmindful of the statute authorizing the Supreme Court to assign a judge from one circuit to another, nor are we unaware of its inapplicability to the present situation because that statute was not the source of authority for the assignment of Judge Berkowitz to preside in the circuit court of Cook County, Illinois.

The next major contention made by appellants is that they were entitled to a jury to pass upon their motion to controvert petitioner's right to condemn. With all deference to the ingenious constitutional arguments of counsel spread over 35 pages of their brief, we are of the opinion that this argument is without validity. This court has repeatedly and consistently held that the right of a petitioner to maintain a condemnation suit is a preliminary question to be determined by the court without a jury. (*Smith* v. *Chicago and Western Indiana Railroad Co.* 105 Ill. 511; *O'Hare* v. *Chicago, Madison and Northern Railroad Co.* 139 Ill. 151; *Sanitary District of Rockford* v. *Johnson,* 343 Ill. 11; *Department of Public Works and Buildings* v. *Lewis,* 344 Ill. 253; *St. Clair Housing Authority* v. *Quirin,* 379 Ill. 52; *Williamson County* v. *Brock,* 367 Ill. 159.) In the recent case of the *Board of Education* v. *City of Chicago,* 402 Ill. 291, will be found the following language: "The only issue to be tried by the jury is the

amount of compensation to be awarded." In all the other authorities heretofore cited will be found language of similar import.

It is next contended by appellants that the trial court was without jurisdiction to proceed to determine the issue of just compensation during the period of time the defendants were prosecuting their ineffectual appeal. Although some uncertainty may have been caused by the 1949 amendment to the Eminent Domain Act, it was apparent to Judge Berkowitz that appellants' attempt to appeal was premature and not taken from a final and appealable order. The delay was entailed by a premature appeal. Appealing from interlocutory orders would necessarily postpone indefinitely the final determination of any case. It is particularly important that such measures of obstruction should be obviated in a condemnation proceeding where frequently the time element is an important factor. We are of the opinion that the trial court very properly refused to permit the unauthorized appeal to deter its progress in the disposition of all remaining questions and issues in the case.

Vigorous attack is made by appellants upon the constitutionality of the Blighted Areas Redevelopment Act of 1947. A complete answer to all their contentions on this subject may be found in the recent cases of *People ex rel. Tuohy* v. *City of Chicago,* 394 Ill. 477, and *Zurn* v. *City of Chicago,* 389 Ill. 114. In appellant's brief is found the false major premise that the present proceeding is for the sole purpose of acquiring property for the New York Life Insurance Company. Each petition herein seeks to acquire the property in the slum and blighted area so that the slum may be cleared. The New York Life Insurance Company does not appear in any of the petitions. Appellee admits, however, that it is a fact that the commission has entered into a contract for the sale to the New York Life Insurance Company of a portion of the property in the area where the buildings have been removed. This contract was

entered into pursuant to the provisions of the statute. The controlling motive, however, for the present condemnation is to clear from the area in question the moral and physical blight which slum and congestion has created. The subsequent development of the property by the New York Life Insurance Company does not mean that the taking is for a private purpose. Consequently, the many authorities cited in appellants' brief to the effect that private property cannot be condemned for private use are not applicable to the present situation. Quite appropriate is this statement appearing in the *Zurn case,* at page 129: "The redevelopment of slum and blight areas, * * * constitutes a public use and a public purpose, regardless of the use which may be made of the property after the redevelopment has been achieved."

We have carefully considered all other arguments advanced by appellants in their brief and find them to be without merit. We deem it needless to prolong this opinion with a detailed analysis of them. We are of the opinion that the judgment appealed from should be affirmed.

*Judgment affirmed.*