(No. 32510.—

GEORGE ROSS *et al.*, Appellants, *vs.* CHICAGO LAND CLEARANCE COMMISSION *et al.*, Appellees.

*Opinion filed November 20, 1952.*

HEBER T. DOTSON, of Chicago, (RICHARD E. WEST-BROOKS, of counsel,) for appellants.

IVAN A. ELLIOTT, Attorney General, of Springfield, J. RUSSELL SCOTT, and WILSON & MCILVAINE, both of Chicago, (CLAY JUDSON, PETER A. DAMMANN, and WILLIAM C. WINES, of counsel,) for appellees.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This appeal comes here from a judgment entered in the superior court of Cook County wherein appellants' complaint was dismissed as being devoid of legal sufficiency. This cause relates to a slum clearance project, located on the south side of Chicago, identical with the one this court considered in the case of *Chicago Land Clearance Com.* v. *White,* 411 Ill. 310. The complaint under consideration was filed on behalf of persons who are owners of property in the allegedly blighted area, and seeks a review of the approval by the State Housing Board of the determination by the Chicago Land Clearance Commission that it should acquire for slum clearance purposes the land in question. The appellants admit full compliance with the Blighted Areas Redevelopment Act of 1947 but assert their right to question the State Housing Board's determination under the provisions of the Administrative Review Act. It is also claimed by appellants that their constitutional

rights were violated in that they received no notice of the pendency of a proceeding before the Chicago Land Clearance Commission or the State Housing Board. The commission and the board filed similar motions to dismiss, alleging that the Administrative Review Act had no application to proceedings under the Blighted Areas Redevelopment Act. Complaint and motions to dismiss contain the following uncontradicted pertinent facts: That the Chicago Land Clearance Commission made their finding that the property in question is a slum and blighted area on December 8, 1948, and adopted a resolution confirming the same; that this determination by the commission was approved by the city council of the city of Chicago on April 22, 1949; that the approval of the State Housing Board was entered on May 13, 1949. We will set forth the resolution of approval of the board since this action is the principal subject of attack in this case.

"WHEREAS, the State Housing Board has investigated the physical characteristics of the said area and has fully reviewed the application of the Chicago Land Clearance Commission, and its determination in respect to said Redevelopment Project No. 1 as embraced within the resolution adopted by said Commission, certified copies of which are on file with the Board, and the said ordinance of the City Council of the City of Chicago enacted on the 22nd day of April, 1949, and the report of the Chicago Land Clearance Commission in respect to such project, and has further reviewed the testimony and evidence presented in favor of and in opposition to the acquisition of said site at the hearings of the City Council of the City of Chicago, and at the hearings before the Board on May 5th and May 13th, 1949; and

"WHEREAS, a substantial majority of the buildings within the area embraced in Redevelopment Project No. 1 are in a state of dilapidation and obsolescence, with consequent overcrowding of families, lack of proper ventilation and light and sanitary facilities to an extent which endangers the public safety, health, morals and welfare; and

"WHEREAS, although there are some buildings within such area which may not be classified as substandard, the area as a whole, in the judgment of the Board, by reason of the factors above enumerated constitutes a slum and blighted area within the meaning of the 'Blighted Areas Redevelopment Act of 1947'; and

"WHEREAS, provision has been made and will continue to be made for rehousing most of the persons who will be displaced through the execution of Redevopment Project No. 1, as evidenced by the project of the Chicago Housing Authority designated as Illinois Project 2-9, the construction of eight relocation housing developments currently approved by the City of Chicago and the State Housing Board, and assurances that the redevolpment project to be undertaken on the site in question will be made available on a priority basis to present occupants of the area; and

"WHEREAS, the Board intends that undue hardship and privation will be prevented through a process of orderly land clearance of the site in question accompanied by the requirement that housing facilities to meet the needs of displaced persons will be available concurrently with such relocation demands; and

"WHEREAS, the State Housing Board, upon the basis of its own investigation, and the evidence presented at its hearings, is of the opinion that the acquisition of said area by the Chicago Land Clearance Commission will be in fulfillment of the objectives and purposes of said Blighted Areas Redevelopment Act of 1947; now, therefore

"BE IT RESOLVED, by the State Housing Board of the State of of Illinois that approval is hereby given to the determination of the Chicago Land Clearance Commission in respect to the necessity of the acquisition of the area hereinafter described and designated as Redevelopment Project No. 1, and consent and approval is hereby given to the Chicago Land Clearance Commission to acquire the said area, or any portion or portions thereof, for slum clearance and eradication in accordance with the provisions of the 'Blighted Areas Redevelopment Act of 1947'."

Attack is made, in this court, on the validity of the Blighted Areas Redevelopment Act of 1947 because of its failure to require notice to appellants of the hearings before the State Housing Board. Word for word, this same argument was made in the *White case* where it was considered and adjudicated to be without merit. In the case of *Zurn v. City of Chicago*, 389 Ill. 114, it was held that notice of proceedings before the administrative agency was not required. Prompting this very sound holding is the cogent reason that property owners are accorded a full and complete hearing on all questions in condemnation hearings that necessarily follow.

Predicated upon the determination and approval of the State Housing Board and Chicago city council, condemnation suits were brought against appellants and judgments entered were affirmed in this court in the *White case*. Appellants therein were accorded every opportunity to be heard on every alleged infringement of their rights.

We give attention now to the principal argument of appellants, namely, that they are entitled to a review of the action of the State Housing Board pursuant to the Administrative Review Act. That this contention is without merit is readily apparent when we consider section 2 of the Administrative Review Act, which reads as follows: "This Act shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency, by express reference, adopts the provisions of this Act." (Ill. Rev. Stat. 1951, chap. 110, par. 265.) It is uncontradicted that this entire proceeding is conducted in pursuance to the provision of the Blighted Areas Redevelopment Act of 1947. In the act we find no adoption of the provisions of the Administrative Review Act, but, to the contrary, section 27 of the act reads as follows: "* * * This Act shall not be deemed to alter, amend or repeal any other statute having to do with such matters, but the provisions of this Act shall be deemed exclusive, in respect to the proceedings herein authorized, and no proceedings, actions or notices shall be required for the doing, or as a condition precedent for the doing, of any of the things herein authorized, except such as are prescribed by this Act." (Ill. Rev. Stat. 1951, chap. 67½, par. 89.) Clearly, such a review as sought by appellants was not contemplated by the Blighted Areas Act.

In *Drezner* v. *Civil Service Com.* 398 Ill. 219, this court declared that such a review was available only if the act creating or enforcing the power on the agency

whose action is to be reviewed by express reference adopts the provisions of the Administrative Review Act. Not only does the Redevelopment Act fail to adopt the Administrative Review Act but it specifically rejects any procedure under it.

The appellants present in their brief many other arguments but no useful purpose would be served in prolonging this opinion with their analysis, except perhaps to make more apparent the litigous character of this appeal. The judgment is affirmed.                   *Judgment affirmed.*