(Nos. 32631, 32657.—

CHICAGO LAND CLEARANCE COMMISSION, Appellee, *vs.* INEZ WHITE *et al.*—(ANDREW K. JOHNSON *et al.,* Appellants.)

*Opinion filed September 24, 1953—Rehearing denied Nov. 16, 1953.*

HOLMAN & WESTBROOKS, and HEBER T. DOTSON, both of Chicago, for appellants.

WILSON & McILVAINE, of Chicago, (CLAY JUDSON, W. S. BODMAN, and PETER A. DAMMANN, of counsel,) for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This appeal come from the circuit court of Cook County involving the identical issues decided by this court in the case of *Chicago Land Clearance Com.* v. *White,* 411 Ill. 310. Of introductory value is a paragraph in that opinion at page 311-312 which reads as follows: "The petitioner

in the instant case determined that a certain territory lying on the south side of Chicago was a slum and blighted area that should be cleared and redeveloped as provided by the statute. To this end all procedural steps were taken during December, 1949, and 1950, wherein petitioners represented by several counsel filed in the circuit court of Cook County sixteen petitions to condemn certain tracts of real estate, there being several parcels contained in each petition. All of these cases were assigned to Judge D. J. Normoyle, who was the judge assigned to hear the condemnation calendar. From him changes of venue were sought and obtained by all defendants involved in this appeal. Following local rules, these cases then went to Judge Harry M. Fisher, who, failing to effectuate settlement on pretrial, consolidated the petitions to condemn under the title of the first filed and sent them for disposition to Judge Jacob Berkowitz, a judge of the city court of Mattoon, holding a branch of the circuit court of Cook County at the request of and pursuant to the order of the executive committee of the judges of the circuit court of Cook County."

This case includes two separate appeals filed in this court as docket numbers 32631 and 32657, brought here in separate records which, upon motions by appellants without objection by appellee, were consolidated.

In case No. 32631, orders were entered overruling motions to controvert and dismiss; jury trials were had to determine compensation; final judgments of compensation were entered; and appellants Andrew K. Johnson, Alma Sanders, Dewey and Beatrice Lee, Joseph and Mittie Green and Monroe and Olivia Dennie served notice of appeal. With many delays and permitted extensions, the appeal was finally perfected and was docketed as case number 32631.

The appellants involved in case number 32657 are Arthur and Ophelia Neal, Mary Miller and Green and Amelia Jordon. The motions to controvert of Neal and Miller were tried at the same times as those involved in the *White*

*case.* Neal and Miller were not parties to the former appeal for the reason that there had not been a jury determination of their compensation in time to join in that appeal.

The appellee herein contends that these appeals should be dismissed and the judgments entered herein affirmed because of the rank insufficiencies of the abstract. The first omission claimed is that the abstract does not include the final judgment appealed from; second, it fails to include the order overruling the motion to controvert or to dismiss; third, it does not embrace any of the pleadings and, in particular, it fatally omits the petition to condemn and the motion to controvert and dismiss; fourth, it fails to have the judge's certificate of the report of proceedings; fifth, it fails to abstract any of the exhibits; sixth, it fails to abstract the testimony of several witnesses, thereby rendering it impossible to consider questions involving the sufficiency of evidence; seventh, all testimony abstracted is not given in a narrative form but consists solely of an inaccurate interpretation of its probative effect. It is our considered opinion that the abstract is inadequate and insufficient. (*Harris* v. *Annunzio,* 411 Ill. 124; *People* v. *Spies,* 344 Ill. 586; *People* v. *Marshall,* 309 Ill. 122; *People ex rel. McWard* v. *Chicago & Illinois Midland Railway Co.* 388 Ill. 325.) We are not disposed however to permit the default to deprive appellants of their day in this court.

We have carefully considered all the legal issues presented in appellants' brief. Again, the constitutionality of the Blighted Areas Redevelopment Act of 1947 is questioned. Repeatedly, we have held it to be a valid enactment. *People ex rel. Tuohy* v. *City of Chicago,* 399 Ill. 551; *Chicago Land Clearance Com.* v. *White,* 411 Ill. 310; *Ross* v. *Chicago Land Clearance Com.* 413 Ill. 377.

Before us now it is again claimed that Judge Jacob Berkowitz, a city court judge of Mattoon, was improperly commissioned to hold court in Chicago and that his adjudication of all questions involved in the present case was

without legal sanction. In the *White case* we resolved this question adversely to the claims of the appellants, and we now adhere to such ruling.

Similarly in the *White case* we held that the arguments of appellants on the following contentions were without merit: That the condemnation is unlawful because it involves a taking for a private use; that there were not sufficient standards to guide the commission in their determination; that appellants should have had a notice and hearing before the commission before it determined that their properties were in a slum and blighted area and that they were thereby denied due process; that the Blighted Areas Redevelopment Act is an *ex post facto* law; that the act is violative of the fourteenth amendment of the constitution of the United States; that they were entitled to a jury trial upon the issues presented with respect to their motions to controvert. The same counsel appearing in this cause have, on prior occasions, exhaustively and ably raised and argued these identical legal issues. We have again considered them and conclude that the judgments entered herein are not vulnerable to the attack made upon them and should be affirmed.

*Judgments affirmed.*