(No. 33047.—

CHICAGO LAND CLEARANCE COMMISSION, Appellee, *vs.* INEZ WHITE *et al.*—(TIMOTHY STANFIELD *et al.,* Appellants.)

*Opinion filed January 22, 1954—Rehearing denied March 15, 1954.*

HEBER T. DOTSON, of Chicago, for appellants.

WILSON & McILVAINE, of Chicago, (CLAY JUDSON, ELSA C. BECK, W. S. BODMAN, and PETER A. DAMMANN, of counsel,) for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

Timothy Stanfield and five other defendants filed this appeal from final judgments after jury trials in the condemnation suit entitled Chicago Land Clearance Commission v. White *et al.,* a proceeding to condemn property on the south side of Chicago brought by that commission pursuant to the Blighted Areas Redevelopment Act of 1947. No question is raised as to the adequacy of compensation and the only question presented by appellants' assignments of error to this court is whether the conveyance of a large part of the slum area, after its acquisition and clearance by the commission, to the New York Life Insurance Company for residential development according to a plan whereby that company will become the owner of the property has the effect of making the condemnation a taking of private property for a private use.

At the outset, we are met with the contention by the appellee commission that the question set forth above has been directly presented and decided three times by this court in cases involving the very same project which is now before the court, in all of which appellants' present counsel when representing other defendants to the condemnation cause had received a specific ruling on the question. Our examination of the briefs and our hearing of oral argument in this case has advised us of no particulars wherein the record in this case or the situation and rights of the parties differ from those of the defendants to the

proceeding who have previously raised the identical issue. In neither oral argument nor in appellants' reply brief does counsel for appellants discuss or attempt to distinguish such three cases as cited by appellee in its brief, confining his argument to his contention of invalidity of the proceedings by reason of the contract with the insurance company.

In *Chicago Land Clearance Com.* v. *White,* 411 Ill. 310, one of the cases presented by appellee, wherein *certiorari* was denied by the United States Supreme Court, (344 U.S. 824,) this court said "The controlling motive, however, for the present condemnation is to clear from the area in question the moral and physical blight which slum and congestion has created. The subsequent development of the property by the New York Life Insurance Company does not mean that the taking is for a private purpose." In another case referred to by appellee entitled *Chicago Land Clearance Com.* v. *White,* 1 Ill. 2d 69, this court disposed of the same issue again raised by saying that the condemnation was not unlawful as being one which involved a taking for a private use, and we referred to the fact that the same counsel appearing in that cause had on prior occasions raised and argued the same issues. In *Ross* v. *Chicago Land Clearance Com.* 413 Ill. 377, where the contention was made that the condemnation was a private one, and other questions were decided, this court described the appeal in that case as litigious.

In *Waddell* v. *Chicago Land Clearance Com.* 206 Fed. 2d 748, the U.S. Circuit Court of Appeals for the Seventh Circuit referred to the fact that the various parties defendant to this cause have presented three actions to the Illinois Supreme Court, and two to the United States Supreme Court and to the United States District Court raising identical constitutional questions and that court in its opinion says that "The only positive inference is that this multiplicity of litigation has been employed as a delaying tactic with little or no hope of success," and follows this state-

ment with the following statement of law: "See *Zurn* v. *City of Chicago et al.* 389 Ill. 114, holding that slum clearance is a public purpose, which is not defeated by the fact that redevelopment is done by private parties pursuant to a legislative fiat."

We find that the appeal now before us is litigious in character, and that the ruling of the trial court covered by this particular assignment of alleged error has been definitely determined and decided by this court to have been correct upon prior appeals in this case.

The judgment is affirmed. *Judgment affirmed.*