Jacob Shapiro, et al., Plaintiffs-Appellants, v. Chicago Land Clearance Commission, etc., et al., Defendants-Appellees.

Gen. No. 47,470.

First District, Second Division.
November 25, 1958.
Released for publication December 16, 1958.

Harold Orlinsky, of Chicago, for plaintiffs-appellants.

Elsa C. Beck, William F. Morrissey, and William H. Dillon, all of Chicago, for Chicago Land Clearance Commission, defendant-appellee.

Latham Castle, Attorney General of State of Illinois, A. Zola Groves, Assistant Attorney General, and J. Russell Scott, of Chicago, for State Housing Board, defendants-appellees.

John C. Melaniphy, Corporation Counsel of City of Chicago, and Sydney R. Drebin, Assistant Corporation Counsel, for City of Chicago, defendant-appellee.

JUSTICE KILEY delivered the opinion of the court.

This proceeding is for common law certiorari to review a decision of the defendants declaring an area in Chicago to be "a slum and blighted area" eligible for redevelopment under the Blighted Areas Redevelopment Act of 1947 (Ill. Rev. Stat. chap. 67½, secs. 63–91). The petition was denied and plaintiffs have appealed.

Plaintiffs are residents and businessmen in the area in Chicago covered by the decision. The individual defendants are members of the Illinois State Housing Board; and the Chicago Land Clearance Commission is a municipal corporation created by ordinance of the City Council under the Redevelopment Act. The Commission on May 23, 1956, by resolution, designated the area as a "slum and blighted area redevelopment project." This decision was approved by the City Council and the State Housing Board. The decision was necessary under the Redevelopment Act to enable the Commission to acquire the area for redevelopment.

The petition alleged that the decision of the Commission, City Council and Housing Board was a judicial act disposing of property rights of those in the area; that the decision was arbitrary and unjust in that (a) it is not based on sufficient facts, (b) is based on erroneous information and improper interpretations of facts, (c) based on structure and population surveys of 1954, no longer valid because they were carelessly made, are haphazard and superficial, overlooked relevant data, included incorrect data and unsupported conclusions, are biased and do not justify the conclusion "slum and blighted." It is alleged that some of the findings on which the conclusion is based are not supported by rational distinctions among properties and an examination of data is necessary to determine whether other findings are supported.

It is alleged that the City Council and State Housing Board made no independent survey or investigation before approving the Commission's decision, and that the Board especially should have done so because one of its members is in a firm which has shown interest in the private redevelopment of the area. It is alleged that plaintiffs are adversely affected since the decision has rendered selling of the properties in the area "impossible" and has decreased market values. It is alleged that the petition is timely and that there was no appeal or review provided by Illinois law for reviewing the decision.

Several affidavits in support of specific allegations of fact were made part of the complaint.

The Commission filed a special appearance and a motion to strike the complaint and dismiss the action. The grounds of the motion are that the Redevelopment Act rejects common law certiorari, that the law provides for a consideration of plaintiffs' claims in eminent domain proceedings, that the facts alleged do not justify certiorari, that the decision of the Commission

was not a judicial act, that the decision does not deprive plaintiffs of their property, and that the plaintiffs are guilty of laches. The court sustained the motion, denied the petition and dismissed the action because certiorari does not lie to review the acts of the Commission.

We think that we go to the heart of this case when we say the question before us is whether the Commission's decision was judicial in nature and, if so, whether it was illegal and no appeal or other mode of review is provided by law.

The Commission's decision was not judicial because the legal status of the area as blighted or slum was not in existence before the finding was made; there were no parties required to bring the motion before the Commission; and the Commission was not adjudicating or determining the property or personal rights of any individuals, Mayor, etc., of City of Harvey v. Dean, 62 Ill. App. 41, 45, 46. Property rights of landowners are "in no wise affected." Zurn v. City of Chicago, 389 Ill. 114, 132.

Plaintiffs argue, on authority of a distinction made in Robinette v. Chicago Land Clearance Comm., 115 Fed. Supp. 669, 672, that the "question of whether such steps actually have been taken is judicial." Obviously the court there was not referring to a question before the Commission, but to a court's inquiry into the proceedings before the Commission.

It is true that the Redevelopment Act provides no appeal or other mode of review. Ross v. Chicago Land Clearance Comm., 413 Ill. 377. But this does not ipso facto benefit plaintiffs under the rule stated in Miller v. Trustees of Schools, 88 Ill. 26, 33; Hyslop v. Finch, 99 Ill. 171, 184; and People ex rel. Fosse v. Allman, 329 Ill. App. 296, 299. The decision of the Commission was merely one of the steps prerequisite to the exercise of the power of eminent domain (Zurn v. City of Chicago,

389 Ill. 114, 133) in the event of which plaintiffs will have an opportunity to be heard "on every alleged infringement of their rights," Ross v. Chicago Land Clearance Comm., 413 Ill. 377, 381. If the Commission starts condemnation proceedings plaintiffs can raise as defenses the charges of illegality now made in this complaint, and should they not prevail they may on appeal have the defenses reconsidered. Thus a mode of review is provided.

We need consider no other points. The Commission's decision was not judicial, plaintiffs have their opportunity to challenge the legality of the Commission's decision in the condemnation proceedings, if begun, and on appeal if not successful. The judgment is affirmed.

Affirmed.

LEWE, P. J. and MURPHY, J., concur.